The plaintiff, Mrs. Bernie Vanderdoes, wife of Douglas Cowan, appeals from a judgment dismissing her suit for damages for physical injuries, in the sum of $2,077, against Frank Rumore, doing business under *Page 285 
the trade name of Rumore Service Station. In her petition she charges that on the night of January 18, 1939, at about 10:15 p.m., she was injured when she attempted to enter her Dodge automobile which had been parked on defendant's premises near a grease rack, over which she stumbled and injured her knee.
Defendant filed an exception of no cause of action, which was overruled, whereupon, he answered denying any knowledge of the accident at the time of its occurrence and all responsibility therefor.
Mrs. Cowan testified that on the night of the accident she picked up Mr. Henry Kooke, an old friend of the family, whom she referred to as "Uncle Henry", and together they drove down Bourbon Street in the direction of the Industrial Canal. At some point in her journey, the exact location of which is indefinite, the battery in her car ceased to function, with the result that the car would not move. A passing motorist pushed it to the corner of Burgundy and St. Roch Streets and upon the premises of the defendant's service station, her object being to obtain a service rental battery and to have the run down battery in her car repaired. Rumore, she said, could not supply her with a battery, but permitted her to enter his office and telephone to the Menefee Chevrolet Company for one. While waiting for the Chevrolet employee, Rumore, she says, announced that it was time to close his station, it being ten o'clock, the regular closing hour, and thereupon he closed his office and turned out the lights of the station. She testified that she continued to wait on the outside for a while but the weather being cold, she suggested to her companion that they wait in her car. She further says that as she approached her car which, in the meantime, had been moved by an attendant of the service station to a point near the grease rack, she stumbled over the rack and severely injured her knee, for which she seeks to be compensated in this proceeding.
She is corroborated by her companion, Mr. Kooke, her only witness.
Defendant presented his employee, Jack Calvert, as his first witness. Calvert testified that he was the only person present at the service station on the night that the accident is said to have occurred, except the defendant, and that he knew nothing of the accident until the following morning. At this point in his testimony the judge, a quo, interrupted the witness and expressed the opinion that the exception of no cause of action, which had been overruled, should have been sustained, but the defendant elected to present further testimony. When the witness insisted upon his statement that he had not seen the plaintiff on the night of the accident, the judge stated that he did not believe him and ordered him to leave the stand.
Mrs. W. Petrolia, defendant's witness, is the proprietor of a beer parlor across the street from the service station. She stated that about eleven o'clock, a man came into her place and used her telephone to call a doctor. Upon learning that someone had been hurt at the service station, she accompanied the man on his return to the station and spoke to Mrs. Cowan. She asked Mrs. Cowan "what she was doing in a station that was in darkness", to which Mrs. Cowan is said to have replied, "we pulled in to get some gas", whereupon Mrs. Petrolia stated, "wait a minute, this place has been in darkness almost an hour".
The judge, at this point, interrupted the witness and concluded the hearing by dictating his reasons for judgment dismissing the case. It is apparent that he was of the opinion that the exception of no cause of action should have been maintained, as appears from his written reasons which are found in the record.
We are not so sure that he is correct in this view of the case, for the plaintiff, according to her testimony, was an invitee to whom the defendant would owe the duty of exercising reasonable or ordinary care for her safety. The movement of plaintiff's automobile from a place of safety to one of danger near the grease rack might be said to be a violation of that duty. See Gray v. Foundation Company, 151 La. 7, 91 So. 527, and Burdeaux v. Montgomery Ward Company, 192 So. 728, Court of Appeal for the Second Circuit.
We do not believe that the facts alleged in plaintiff's petition have been proven with legal certainty. We have only the testimony of the plaintiff and her companion as to the rather unusual circumstances which, she claims, to have surrounded this accident. On the other hand, the defendant, in his answer, though he was not permitted to testify, declared that he knew nothing of the accident until the next morning and his assistant also made the same statement on the witness stand. In addition to this, Mrs. Petrolia, the proprietor *Page 286 
of the beer parlor, says that Mrs. Cowan told her that she had come upon the darkened premises of the defendant for the purpose of getting gasoline, at a time when the station had been closed for more than an hour.
We have referred to the sworn answer of defendant, not because we regard it as proof, but merely to explain our failure to remand the case for the admission of his testimony. However, we believe that the record, as made up, substantiates the conclusion we have reached.
Under the circumstances and for the reasons assigned, we believe the judgment appealed from to be correct.
It is, therefore, affirmed.
Affirmed.