**Clarence DRAKE, Appellant,**

v.

**IOWA MUTUAL INSURANCE COMPANY, DE WITT, IOWA,**
Appellee.

No. 17989.

United States Court of Appeals
Fifth Circuit.

Feb. 11, 1960.

Rehearing Denied March 25, 1960.

Amos L. Ponder, Jr., New Orleans, La., for appellant.

J. Elton Huckabay, Huckabay & Wall, Baton Rouge, La., for Iowa Mutual Insurance Company, DeWitt, Iowa.

Before HUTCHESON, TUTTLE and BROWN, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court setting aside a jury verdict in favor of the plaintiff and entering a judgment for the defendant. F.R.Civ. P. 50(b), 28 U.S.C.A.

The plaintiff was injured in a filling station under circumstances in which both parties admit the only duty owed plaintiff was not willfully and wantonly to injure him. See Mills v. Heidingsfield, La.App., 1939, 192 So. 786; Mercer v. Tremont & G. Ry. Co., La.App.1944, 19 So.2d 270, 274–275; Cf. Vanderdoes v. Rumore, La.App.1941, 2 So.2d 284. The jury returned a verdict for the plaintiff. But the evidence at most disclosed that as the plaintiff was stepping across a gasoline hose then being used to service a car, it was jerked suddenly causing the plaintiff to fall. When he fell, the person who pulled the hose laughed. There is no indication that the hose was pulled other than through inattention or negligence at most. While the evidence justifies the inference that the attendant *ought* to have seen that plaintiff was about to, or might step over the hose, there is none that in fact he did see him and thereafter heedlessly jerked the hose. Thus there is no evidence of that deliberateness, conscious indifference to the likelihood of harm, or wantonness

which Louisiana law requires. Accordingly, the judgment of the District Court is affirmed.

Affirmed.