176 So.2d 220 (1965)
John M. LAWSON et al., Plaintiffs-Appellants,
v.
CONTINENTAL SOUTHERN LINES, INC., Defendant-Appellee.
No. 10382.
Court of Appeal of Louisiana, Second Circuit.
May 21, 1965.
Rehearing Denied June 16, 1965.
*221 Ellis & Ellis, Rayville, for appellants.
Stafford & Pitts, Alexandria, for appellee.
Before HARDY, GLADNEY and AYRES, JJ.
GLADNEY, Judge.
The trial court sustained the defense of the Continental Southern Lines, Inc. that its employee was not negligent with respect to the injuries which gave rise to this action. Plaintiffs have appealed from the judgment.
*222 On the morning of December 24, 1962, Katie Maude Lawson sustained a fall and personal injuries at the Continental Trailways bus station located at 214 Grammont Street in Monroe, Louisiana, where she and her husband had gone to pick up a package. When she arrived at the bus station she entered and approached the service counter and stated her business to Claude C. Parker, employee of defendant, who proceeded to wait on her. The package could not be readily located, despite a search by Parker and other bus station attendants. During the time this search was being made, Mrs. Lawson stood at the counter, facing across it, waiting for her package to be found. After several minutes of fruitless search for the package, Parker asked her to step back so that he could check the luggage of another patron at the counter. In response to Parker's request Mrs. Lawson stepped backward with the intention of allowing sufficient room to service this patron. Unknown to her someone had placed a foot locker directly behind her and almost at her feet. When she stepped back she tripped on the foot locker, lost her balance and fell backward to the floor. The foot locker slid back in the direction of her fall, and in falling her own back region hit the sharp edge of the sliding foot locker, thereby causing injuries of which she complains.
As we understand appellants' argument it charges a breach of legal duty by the appellee resulting from the request made by Parker to Mrs. Lawson to move from her position of safety at the package counter without first warning her of the hazard behind her in the form of a foot locker, which he knew was there, or could have easily discovered by simply leaning forward slightly.
Although the law does not make a business owner an insurer of his customers' safety, it does impose the duty to provide a safe place for his customers to do business, necessarily implying a clear aisle or passageway through which patrons can walk and move about. The duty requires the exercise of reasonable care to make the premises safe for the invitee and to warn him as to dangerous conditions or hazards of which he is unaware. Liability does not arise unless and until it is established that the injury or loss was caused by the negligence of the owner or operator. Peters v. Great Atlantic & Pacific Tea Company, La.App., 72 So.2d 562 (2nd Cir.1954); Cannon v. Great Atlantic & Pacific Tea Company, La.App., 146 So.2d 804 (3rd Cir.1962 Cert. denied); Provost v. Great Atlantic & Pacific Tea Company, La.App., 154 So. 2d 597 (3rd Cir.1963); and Burns v. Child's Properties, Inc., La.App., 156 So.2d 610 (3rd Cir.1963).
It is fundamental that negligence is not actionable unless it is a cause in fact (proximate cause) of the harm for which recovery is sought. It need not be the sole cause. Negligence is a cause in fact of the harm to another if it was a substantial factor in bringing about that harm. The burden of proof of the causal link is upon the plaintiff. It must appear that it is more likely than not that the harm would have been averted but for the negligence of the defendant. Perkins v. Texas and New Orleans Railroad Company, 243 La. 829, 147 So.2d 646 (1962).
The specific charge of negligence is that the employee either had actual knowledge the foot locker was behind Mrs. Lawson and presented a source of danger, or could have easily discovered that fact by leaning forward slightly. It is met with a firm denial by Parker. Parker testified that from his place behind the counter he could not have observed the presence of the locker. Photographs of the area immediately about the service counter seem to support this testimony. However, he conceded that by leaning over the counter the locker might have been observed.
Having failed to establish the facts of knowledge counsel for appellants depends upon the application of the doctrine of constructive notice, which is a presumption *223 of law and has the same effect as actual notice. Such notice implies that a person knowing other facts, from which it is concluded that he knew or should have known the fact in question, should be held to have knowledge of such fact. It is said to be notice imputed by the law to a person not having actual notice, and every person who has actual notice of circumstances sufficient to put a prudent person upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself. 8A Words and Phrases "Constructive Notice" pp. 551-575.
The service counter at which Mrs. Lawson waited consisted of an opening between a wall to her left some eight feet or more in height and to her right a desk solid to the floor and some four feet or more in height. Placed across the opening was a counter top made of wood about one inch in thickness and eighteen to twenty-four inches in depth. It spanned the entire width of the opening. The design was such as to permit the passage of luggage underneath the counter top. Mrs. Lawson stated that she was five feet two inches in height and that her weight was two hundred and ten pounds. A photograph in evidence depicts Mrs. Lawson standing at and facing the counter opening. It is obvious from the picture that the view of an employee working behind the service counter would be obstructed and obscured by the presence of Mrs. Lawson except above and beyond her shoulders. As she stood there he could not observe luggage placed on the floor. Before he requested Mrs. Lawson to move, Parker did in fact observe another patron waiting for service, and this knowledge prompted him to make his request to the plaintiff.
Knowledge of the presence of the customer, however, was quite different from the knowledge of the placement of the foot locker immediately behind Mrs. Lawson, the actual knowledge of which he denied. The other circumstances evidenced by his restricted view of the waiting room indicates that in all probability he could not have observed the placing of the locker except, as pointed out by counsel, by leaning over the service counter. All of these circumstances fail to sustain the proper foundation for application of the doctrine of constructive knowledge. We, therefore, are of the opinion that plaintiffs have failed to establish a case by a preponderance of the evidence.
Counsel for appellants has in argument made special reference to Dyer v. Stephens Buick Company, La.App., 125 So.2d 185 (4th Cir.1961) and Vanderdoes v. Rumore, La.App., 2 So.2d 284 (Orl.Cir.1941). Upon examination we find the authorities so cited are inapposite except as to the general principles of law. In Dyer v. Stephens Buick Company an employee opened the car door of plaintiff at defendant's garage and when plaintiff alighted from the car he slipped and hurt himself upon a grease or oil spot of some eight or ten inches in diameter on the garage floor. The court held that the position of the employee was such that he could hardly avoid seeing the grease spot and that if he did not actually observe this danger he should have done so. As previously pointed out in the instant case, Parker was in no position to observe the danger. Judge Westerfield in Vanderdoes v. Rumore although rejecting plaintiff's demands, pointed out that the defendant breached a duty which he owed to an invitee when he moved the plaintiff's automobile from a place of safety to one of danger near a grease rack upon which plaintiff fell.
For the foregoing reasons it follows that plaintiffs have failed to establish the negligence of defendant's employee Parker by reason of actual or constructive knowledge of potential danger to Mrs. Lawson from the foot locker when he requested her to step back. It is also significant that the foot locker was not placed in its hazardous position by an employee of the defendant.
*224 Since our resolution of the case is that defendant was guilty of no negligence, it is, of course, unnecessary to consider the special plea of contributory negligence. For the foregoing reasons the judgment is affirmed at appellants' cost.