DOMENGEAUX, Judge.
This is a suit to recover damages for personal injuries to plaintiff Amy Kruebbe and to her minor daughter, Susan. Plaintiff Gus Kruebbe sues in his capacity as administrator of his daughter Susan’s estate for her personal injuries, and individually for the medical expenses incurred as a result of the injuries to his wife and daughter.
The accident giving rise to these claims occurred on June 12, 1965, at about 2:30 p. m., in the National Food Store #21 in the City of New Orleans. Plaintiff Amy Kruebbe had finished her shopping in said store and was walking toward the exit door holding her two and one-half year old daughter, Susan by the hand. Plaintiff Gus Kruebbe had remained behind in the checkout area to collect some stamps. The groceries were left with Mr. Kruebbe. The exit door was of the self-opening type commonly referred to as “electric- *424 eye” doors. Somewhere in the general vicinity of the door, the child, Susan tripped and fell, cutting her forehead. Mrs. Kruebbe testified that when Susan fell she attempted to catch her and in so doing wrenched her body. She was pregnant at the time and suffered some anxiety about the health of her unborn child for the remaining three months of her pregnancy. The plaintiffs alleged that the child tripped on the mat on which one steps to trigger the mechanism which opens the exit door, and struck her head on a metal door guard which is fastened to the lower portion of the door. They further alleged that the reason Susan tripped was that the mat in question was uneven, bunched or wrinkled and that the molding around the mat was elevated above the floor level. Defendant, National Food Stores of Louisiana, Inc., denied any defect or unsafe condition in the mat or door, and raised some serious doubts as to whether the child did in fact strike her head on the door. The trial court rendered judgment in favor of defendant, stating that the plaintiffs had failed to prove any negligence on the part of the defendant. From this judgment the plaintiffs have perfected an appeal to this court.
“Although the law imposes a duty of reasonable care toward the invitee, it does not make the storekeeper the absolute insurer of the safety of persons properly on the premises, and his liability does not arise unless and until it is established that the injury or loss was caused by his negligence.” Cannon v. Great Atlantic & Pacific Tea Company, La.App., 146 So.2d 804; and cases cited therein. The negligence of the defendant, therefore, must be proved before plaintiffs can recover.
In their attempt to prove the necessary negligence of the defendant, the plaintiffs introduced their own testimony that after the child fell they noticed that the rubber mat was “up a little” from the floor. Mr. Kruebbe also thought the molding was raised. They introduced photographs taken one week after the accident by a third witness who also testified that a week after the accident the rubber matting was separated from the molding and appeared to have an air bubble underneath it, raising it slightly. No one, including the plaintiffs saw exactly how or on what the child tripped. Indeed no one saw that the child did trip on anything. The plaintiffs, of course, allege that the mat was defective in that it was raised, and that the child tripped on the mat.
To counter this evidence the defendant introduced the testimony of an expert in the field of automatic doors who testified that it is impossible for a mat of the type in use at the store in question to buckle, bend, bunch or in any way become raised as plaintiffs described. He also stated that his company had installed the mat at National Food Store #21 and that his company alone serviced the automatic doors in said store. He was certain, from his records, that he had no calls for service from that store in June of 1965. Of great significance was his testimony that had the mat been in the condition described by plaintiffs, the doors would not have worked. They also introduced the testimony of the manager, assistant manager, and head cashier of the store. All of these persons testified that the door and mat were in perfect working order and were in no way defective at the time of the accident and at all times subsequent thereto. They also said that no repairs had been made to the mat or mechanism since the accident and that if there had been any, they would have known about it. A 55 pound, half inch thick mat was introduced in evidence and identified by the expert as being identical to the one in the store. Finally the trial judge himself went to the store and examined the mat in question. His personal observation was of special value in view of the testimony that the mat had not been repaired since the time of the accident.
The plaintiffs, as stated above, were obliged to show negligence on the part of defendant before being able to recover *425 from it. They confined their attempt to show such negligence to their efforts to prove that the mat and its molding were defective. The issue then was entirely one of fact, i. e., were the mat and molding defective, or were they not? The trial judge who heard and saw the witnesses and the evidence concluded that they were not and hence that the necessary negligence had not been shown.
His conclusions of fact are entitled to great weight and in the absence of manifest error will not be disturbed by this court. Evers v. State Farm Mutual Automobile Ins. Co., La.App., 187 So.2d 217; Dowling v. Mutual Life Insurance Co. of New York, 168 So.2d 107, writ refused 247 La. 248, 170 So.2d 508. We do not find manifest error in the case at bar.
For the foregoing reasons the judgment of the trial court must be, and the same is hereby, affirmed. Costs of this appeal are to be borne by plaintiffs-appellants.
Affirmed.