BLANCHE, Judge.
From a judgment dismissing her suit for damages for personal injuries, plaintiff, Nellie B. Bridges, has perfected this appeal. Plaintiff, seventy-two years of age at the time in question, alleges she tripped over an area rug with a rubber backing thereto in the front entranceway of the store owned and operated by defendant, Kent’s of Airline Highway, Inc. Plaintiff named as additional defendants Liberty Mutual Insurance Company, the liability insurer of Kent’s, and Servi-Clean Industries, Inc., which supplied the area rugs to Kent’s and periodically cleaned the same pursuant to contract. We affirm the judgment dismissing plaintiff’s suit.
Plaintiff testified that she accompanied her sister, Mrs. Myrtle D. Johnson, to defendant’s store on February 13, 1971, at approximately 10:00 or 10:30 A.M. Plaintiff testified that her sister went through the door to the store ahead of plaintiff and held the door open for plaintiff to enter. As plaintiff entered defendant’s store, she said her “foot hung on that rug and it tripped me and I stumbled, you know, and fell.”
Mrs. Myrtle D. Johnson, plaintiff’s sister, corroborated plaintiff’s testimony as to how the accident occurred. She confirmed that she walked across the same rug before plaintiff without incident. She further confirmed that she did not notice anything wrong with the rug as she walked across it, nor did she notice anything wrong with the rug after the accident. In fact, she confirmed that the rug was still in place when she and her sister left the store following the accident.
Frank Edward Beeman testified that he was a store manager at Kent’s on the day of the accident. He testified that he was not present in the store when the accident occurred, but on returning to the store, he was advised that a lady tripped on the rug when she entered through the door. He testified he inspected the rug, noticed a cut in the rubber backing on the part of the rug nearest the door, said it was a visible curling in the rug which was what caused him to look at it, and following such inspection, he had the rug removed.
Mrs. Laderuth Fresina testified that she was office manager for Kent’s on the date of the accident. She testified she saw the plaintiff stumble. She denied reporting to Mr. Beeman that the rug was defective and testified that she never personally checked the rug. She did testify that she remembered that the rug was removed, but she did not remember whether or not Mr. Beeman inspected the rug. She testified that she did not ever recall this rug being curled up prior to the accident. She confirmed that she crossed this rug four to five times per day without incident.
Mrs. Geraldine M. Milton testified she was a store employee and was present in the store on the day of the accident. She testified she saw the plaintiff more or less trip over the rug and start leaning against the wall whereupon Mrs. Milton ran to the plaintiff to keep her from falling. She testified she looked at the rug after plaintiff’s incident, noticed the rug was up on edge, and she went and flattened the rug back down. She said that the edge of the rug was curled up, “like she had tripped and pulled it up,” but that she was able to flatten the rug back down successfully. She admitted that she did not actually inspect the rug underneath to see if it was defective. She likewise confirmed that she had crossed the rug without incident that day, but she did further indicate that she had *756 herself previously stumbled while crossing one of the rugs.
From .our review of the entire record, including the photographs taken of the rugs in question in the front of the defendant’s premises, we are of the opinion that the evidence fails to demonstrate the existence of any defect, trap or latent hazard so as to give rise to liability under these facts. The evidence simply fails to show that the so-called small “tear” in the rubber backing of the rug caused the rug to curl up or bunch, or in any event that such “curling up” or “bunching” of the rug constituted such a defective condition of the store entranceway as to give rise to liability on the part of the defendant store.
The photographs of the nigs in question demonstrate small areas of unevenness in the rugs, or similar possible “curling up” or “bunching” of the rug, but we do not believe such minor irregularities in the surface of the rug give rise to a defective condition thereof such as to constitute a breach of the duty owed by a store to its business invitees. It is well settled that a store owes a duty of reasonable care to its business invitees, which duty encompasses furnishing reasonably safe aisles and passageways as well as entrances and exits to the store. The store, however, is not the insurer of the safety of its business invitees, and the mere occurrence of an accident to a business invitee on the store’s premises does not give rise to any presumption of negligence on the part of the store.
There is nothing to indicate that the store entranceway was inordinately hazardous, or that the mere use of a rug of the nature used by the defendant store herein constitutes a justifiable finding of negligence. The burden of proof rests on plaintiff to establish a defective condition in the defendant’s premises, which plaintiff failed to establish herein by the requisite preponderance of the evidence.
Callais v. Furniture Showrooms, Inc., 213 So.2d 537 (La.App. 1st Cir. 1968), is factually distinguishable from the instant case, inasmuch as Calíais involved the placement by the defendant store’s employees or agents of a stack of rugs partially obscured by an overhanging coffee table in an artificial “aisle” through which customers were directed, resulting in the creation of a latent defect and extra hazardous condition to business invitees. Stated otherwise, the plaintiffs successfully established in Calíais the creation of a defective condition by the defendant’s store employees or agents, whereas in the instant case plaintiff has failed to establish the creation of any such defective condition in the defendant’s premises.
The instant case is more factually comparable to Kruebbe v. National Food Stores of Louisiana, Inc., 231 So.2d 423 (La.App. 4th Cir. 1970), wherein the appellate court concluded that the record failed to establish any manifest error committed by the trial court in finding that plaintiff had failed to establish a claimed defect in a mat in a store’s entrance and exitway. We likewise find no manifest error to have been committed by the trial judge herein. Plaintiff has simply failed to establish the existence of any defective condition such as to warrant imposition of liability in this case..
For the foregoing reasons, the judgment of the trial court is affirmed, with all costs of this appeal assessed to plaintiff-appellant.
Affirmed.