WATSON, Judge
(concurring).
I concur in the decree but the decisive issue, in my opinion, is not that of contributory negligence.
Contributory negligence by the plaintiff is a matter of defense, not to be considered until after negligence by the defendant is established. I would not reach the issue of contributory negligence because I find there is manifest error in the decision of the jury on the first issue of the lawsuit, that is: was the defendant, Calcasieu Savings and Loan Association, negligent? A more precise contemporary phrasing of this issue to facilitate its resolution by an appellate court would be: was there a reasonable evidentiary basis for the jury’s finding of negligence on the part of defendant? Canter v. Koehring Company, 283 So.2d 716 at 724 (La.1973); Dunlap v. Armendariz, 265 So.2d 352 (La.App. 4 Cir. 1972). In my opinion, there was not.
There is almost a total absence, in my opinion, of evidence of negligence on the part of the defendant. The only significant evidence is that a beer can was on the concrete near the diving board — placed there by some unknown person, present there for an unknown length of time. Not even the brand of beer was known. Certainly, the mere presence of a solitary beer can on the edge of a swimming pool does not constitute negligence. The duty owed to plaintiff, a social guest-invitee, was that of reasonable and ordinary care. Taylor v. National Indemnity Company, 215 So.2d 203 (La.App. 3 Cir. 1968). There is no serious suggestion of actual or constructive knowledge by the defendant-owner of the presence of the can. See Lawson v. Continental Southern Lines, Inc., 176 So.2d 220 (La.App. 2 Cir. 1965).
An accepted definition of negligence is as follows:
“Actionable negligence results from the creation or maintenance of an unreasonable risk of harm to others.” Smolinsky v. Taulli, 276 So. 286 at 288 (La.1973).
The mere presence of one beer can on the walk around a swimming pool cannot be fairly described as an unreasonable risk of harm. In addition, there was no showing of any action or lack of action on the part of defendant or its agents which could be fairly described as creating or maintaining the situation presented.
There was no explanation as to how the beer can happened to be there; there was no showing of any failure on the part of defendant to clean the premises; there was no showing of a failure to inspect or any other conduct or failure by defendant which could be said to fall below a standard of ■ reasonable care. In short, there was no showing of negligence by defendant-owner.
Other Louisiana swimming pool cases are illustrative of what has been considered to be negligence on the part of the owner. For example, in Bougon v. Traders & General Insurance Co., 146 So.2d 535 (La.App. 4 tCir. 1962), the fact that one bolt on a diving board was loose by one-quarter of an inch or less was held not to prove negligence. But in Richard v. General Fire and Casualty Company, 155 So.2d 676 (La.App. 3 Cir. 1963), the maintenance of a porch at swimming pool premises with a slick and smooth surface which often became wet and the failure to remedy the situation although having knowledge of the condition was held to constitute negligence by the owner.
In the present case there was no inherently dangerous situation, no proof of knowledge of the situation by the owner and no indication of failure to take corrective measures. On the contrary there was positive evidence of regular cleaning and inspection.
Therefore, the conclusion I reach is that there was no evidence presented to the *608 jury upon which they could reasonably find negligence attributable to Calcasieu Savings and Loan Association, and for that reason the jury verdict was manifestly erroneous.
I concur.