317 So.2d 278 (1975)
George E. MILLER,
v.
MONTGOMERY WARD AND COMPANY, INC.
No. 10379.
Court of Appeal of Louisiana, First Circuit.
June 30, 1975.
Rehearing Denied August 26, 1975.
Writ Refused October 24, 1975.
*279 Robert G. Szabo, Baton Rouge, for appellant.
John B. Noland, Breazeale, Sachse & Wilson, Baton Rouge, for appellee.
Before SARTAIN, ELLIS and BARNETTE, JJ.
BARNETTE, Judge.
This is a suit for damages brought by George E. Miller and his wife, Mrs. Inez C. Miller on account of personal injuries sustained by Mrs. Miller in a fall in the defendant's store. The demands of the plaintiffs were denied and their suit dismissed. They have appealed.
Mrs. Miller was shopping in defendant's store in Baton Rouge on March 3, 1973. She was interested in the purchase of a wig. The department in which the wigs were displayed and sold was a carpeted area with certain counters and other fixtures appropriately located to facilitate display of the merchandise. The carpeted area was adjacent to a main aisle of the store about eight or ten feet in width with a tile floor covering described as a linoleum or vinyl tile which resembled terrazzo. At the point where the carpeted area joined the tile flooring the edge of the carpet was secured with a conventional metal, probably aluminum, carpet strip fastened *280 securely to the floor with the flat surface about three quarters to one inch wide. The thickness (height) of the strip was approximately three-eighths or one-half inch, slightly curved on the exposed corner. An exhibit, prepared especially to show the manner in which the carpet was laid indicates a very common method of carpet laying abutting a conventional tile floor.
The sales clerk, who identified herself as manager of the accessory department, Mrs. Gloria G. Locke, was showing wigs to Mrs. Miller. She walked around a counter to obtain a certain wig on another fixture. To do so she stepped off the carpet onto the tile floor, walked around the end of the counter which came to the edge of the carpet and then back onto the carpet. Mrs. Miller was looking at other wigs and then attempted to join Mrs. Locke on the other side of the counter which separated them. As she attempted to leave the carpeted area and step into the aisle she fell to the floor and sustained painful and rather serious injuries.
Whether Mrs. Miller slipped on the tile or tripped on the metal carpet strip is not known. She was asked:
"Q. Now, Mrs. Miller, I take it that this fall was not a stumbling sort of thing it's not like you caught your heel and then took a couple of awkward stumbling steps and fell, rather you slipped and fell at one time; is that correct?
A. Yes.
Q. Do you know which shoe left that mark?
A. I do not."
She also testified:
"Q. Now, is it your testimony that your heel caught on that metal strip, is that
A. I don't know if it caught or not, I don't know what happened when I fell."
There was no testimony to indicate any defect in the floor, the metal strip or the carpet. On the contrary the testimony of the store personnel was that a very careful examination was made which disclosed nothing abnormal about the floor. There was some testimony that a mark was seen projecting out from the metal strip on the tile about six or eight inches in length at an angle from the carpet edge. This was described as a scratch which appeared to have been made by a hard substance, not a typical black rubber heel scuff mark. Whether this mark was caused by Mrs. Miller's slipping shoe is, at most, speculative.
About two months after the accident in question the entire store was renovated. Extensive alterations were made and the floor and display areas remodeled. No photographs were made, nor anything done to preserve the carpet or metal strip which was removed. Appellant makes a point of this and argues that an unfavorable presumption against the defendant should be drawn from its failure to preserve essential physical evidence. Citing: Simon v. Ford Motor Company et al., 282 So.2d 126 (La. 1973); Joyner v. Aetna Casualty & Surety Company, 259 La. 660, 251 So.2d 166 (1971) and Weber v. Fidelity & Casualty Insurance Co. of New York, 259 La. 599, 250 So.2d 754 (1971).
In Simon v. Ford the alleged defective ball joint on a six year old Ford automobile was disposed of by the party alleging the defect and was not available at the trial. We do not find the Joyner case to be in point. In the Weber case, the plaintiff sought damages from the use of an alleged poisonous cattle dip solution. The mixture and the container were buried by plaintiff and later covered over by a roadway and not available as evidence at the trial. We do not find anything in either of those decisions upon which an unfavorable presumption against this defendant can be justified. It is true that the defendant in this case had knowledge of Mrs. *281 Miller's fall and injuries when the floor was remodeled, but there was nothing to put them on notice that a suit would be filed based on an alleged defect in the floor which was minutely examined and found free of defect at the time of Mrs. Miller's fall. Her suit was not filed until March 1, 1974, two days before prescription had run. No inference of supression of evidence can be drawn from defendant's failure to preserve the floor, a section thereof or a photograph under the facts in this case.
Briefs of counsel filed on this appeal and the written reasons for judgment by the trial judge, very correctly state the jurisprudential guidelines applicable to "slip and fall" or "trip and fall" cases. We quote with approval from the trial judge's reasons for judgment as follows:
"The law and jurisprudence controlling in this case are cited as follows:
`A storekeeper must maintain his premises in reasonably safe condition considering the nature of his business, for the use of his patrons and customers who may be expected to be primarily concerned with viewing merchandise on display more so than paying attention to the condition of the floor for the discovery of possible obstructions and hazards in the passageways. Robnett v. Great American Insurance Co. of New York, La.App., 187 So. 2d 152.
`While a shopkeeper is not the insurer of the safety of his invitees, he nevertheless owes his customers the duty of providing a safe place in which they may shop. This burden includes the onus of providing clear and safe passageways in which the patrons may walk and move about and also the obligation of warning the customer of hazards of which the patron is otherwise unaware. Lawson v. Continental Southern Lines, Inc., La.App., 176 So. 2d 220.
`In such instances the owner or lessee of the business establishment is not liable unless the injury results from his negligence. If the storekeeper was aware, or by the exercise of ordinary and reasonable care should have been aware, of the hazard or peril, he will be deemed negligent and consequently liable for the patron's injuries. Provost v. Great Atlantic & Pacific Tea Co., La.App., 154 So.2d 597.' Callais v. Furniture Showrooms, Inc., 213 So. 2d 537, 539, 540 (La.App. 1st Cir. 1968).
"Based on this jurisprudence, the Court is unable to find from the evidence that an inherently dangerous condition prevailed as suggested by the plaintiff. There is not a scintilla of evidence indicating that there was a defect in the installation or maintenance of the carpet, metal strip or flooring on the premises of the store. Consequently, the Court is compelled to find no liability, although the Court is moved by the problems which have faced the plaintiff and her husband."
The following cases were cited by plaintiffs-appellants as examples of the application of the above stated principles of liability in cases of this kind: Paxton v. Ballard, 289 So.2d 85 (La.1974); Bergeron v. Employers-Commercial Union Companies, 306 So.2d 367 (La.App. 3d Cir. 1975); Grigsby v. Morgan & Lindsey, 148 So. 506 (La.App. 2d Cir. 1933). In each of these cases there was clear evidence of either a defect in the floor or an obstruction in a passageway for which the property owners and lessees were found to be negligent in not repairing, removing or giving a warning. In each of those cases the above stated principle of liability was applied, but they are not applicable to the factual situation in this case.
The trial judge's finding of "not a scintilla" of evidence of failure on defendant's part to provide a safe place for its patrons is an accurate appraisal of the testimony *282 and evidence in the record before us. The defendant has met every test of the cited cases and the jurisprudence generally. There was nothing unusual or in the least abnormal in the manner in which the floor tile, carpet and carpet strip were installed, nor in the upkeep. There were no defects observable on close inspection, nor any foreign substance on the floor to suggest a cause of Mrs. Miller's fall. It was simply an unexplained and unfortunate accident through no fault of the defendant storekeeper or its employees. The plaintiffs have failed to carry the burden of proof of fault. Bridges v. Liberty Mutual Insurance Company, 286 So.2d 754 (La.App. 1st Cir. 1973), cert. denied, 289 So.2d 156 (La.1974); Harper v. Great Atlantic & Pacific Tea Company, 257 So.2d 468 (La. App. 1st Cir. 1972).
For these reasons the judgment appealed is affirmed at appellant's cost.
Affirmed.