CRAIN, J.
dissents in part.
hi agree with the majority opinion in all respects, except for affirming the trial *647 court’s imposition of an adverse presumption based upon the spoliation of evidence doctrine. I believe that the trial court usurped the function of the trier of fact, in this case the jury, when it acted on the defendants’ motion and imposed an adverse presumption with respect to the Abreo file.[1] Consequently, I would reverse the trial court’s judgment as to that issue and would remand with instructions to allow a jury instruction relative to the application of the spoliation of evidence.
As recognized by the majority, a litigant’s failure to produce evidence under his control raises an adverse presumption that the evidence would have been detrimental to his case; however, the presumption is not applicable if the party adequately explains his failure to produce the evidence. See Carlson v. Ewing, 219 La. 961, 977, 54 So.2d 414, 419 (1951); City of New Orleans v. Gauthreaux, 32 La. Ann. 1126, 1130 (La.1880); Raines v. Louisiana State Nursing Board, 12-1831 (La.App. 1 Cir. 6/7/13), 2013 WL 2488130, writ denied, 13-2048 (La.11/15/13), 126 So.3d 471; Paradise v., Al Copeland Investments, Inc., 09-0315 (La.App. 1 Cir. 9/14/09), 22 So.3d 1018, 1027. A presumption is “an inference |¡,created by legislation that the trier of fact must draw if it finds the existence of the predicate fact unless the trier of fact is persuaded by evidence of the nonexistence of the fact to be inferred.” La.Code Evid. art. 302(3) (emphasis added);[2] see also La.Code Evid. art. 305; Hall v. Folger Coffee Co., 03-1734 (La.4/14/04), 874 So.2d 90, 97; Mar-roy v. Hertzalc, 11-0403 (La.App. 1 Cir.9/14/11), 77 So.3d 307, 317.
The essential “predicate fact” that must be found to apply the adverse presumption is the absence of an adequate explanation for the loss or destruction of the evidence. Whether a party’s .explanation is sufficiently adequate to preclude an adverse presumption is a factual determination requiring the weighing of evidence and credibility determinations related to a variety of issues, including but not limited to the following:
1. The party’s motive for destroying or altering the evidence;[3]
2. The party’s awareness that litigation involving the destroyed or discarded object was pending or imminent;[4]
*648 3. The party’s knowledge of the relevancy of the object to the litigation;[5]
|s4. Whether the other party was given a reasonable opportunity to inspect the evidence prior to its destruction;[6]
5. The availability of other evidence to prove the pertinent fact in dispute;[7] and
6. Whether the loss or destruction of the evidence occurred for reasons beyond the party’s control.[8]
The resolution of these and other factual issues necessary to determine if the adverse presumption is appropriate is the function of the trier of fact.[9] To the extent the trial court imposed an adverse presumption based upon the doctrine of spoliation of evidence, it usurped the role of the jury as the trier of fact and committed legal error.

. See Boh Brothers Construction Company, Inc. v. Luber-Finer, Inc., 612 So.2d 270, 274-75 (La.App. 4 Cir.1992), writ denied, 614 So.2d 1256 (La.1993) (trial court erred in instructing jury to presume that discarded evidence would discredit party’s claim; jury should have been instructed that party could rebut presumption by explaining its failure to produce the evidence); see also Wilhite v. Thompson, 42,395 (La.App. 2 Cir.8/15/07), 962 So.2d 493, 498-99, writ denied, 07-2025 (La.2/15/08), 976 So.2d 175 (after being instructed on availability of the adverse presumption, jury’s implied finding that presumption did not apply because party’s explanation was reasonable was not manifestly erroneous).

. Although Chapter 3 of the Code of Evidence only applies to legislatively created presumptions, the definitions and rules set forth therein offer helpful guidance for the proper application of the adverse presumption arising out of the spoliation of evidence.

. See Kennett v. Department of Public Works ex rel. City of Bogalusa, 13-0824 (La.App. 1 Cir. 12/27/13), 2013 WL 6858283 (no adverse presumption where defendant repaired sidewalk several months after accident as a precautionary measure to prevent future possible injuries); Babineaux v. Black, 396 So.2d 584, 586 (La.App. 3 Cir.1981) (no adverse presumption where defendants removed and discarded engine parts while performing repair that defendants thought would solve the problem).

. See Allen v. Blanchard, 99-0277 (La.App. 1 Cir.3/31/00), 763 So.2d 704, 709 (arena owner's repair of broken railing to get arena back in working condition as quickly as possible did not give rise to an adverse presumption *648 where no evidence suggested that owner knew a suit would be filed by spectator who fell); Randolph v. General Motors Corporation, 93-1983 (La.App. 1 Cir. 11/10/94), 646 So.2d 1019, 1027-28, writ denied, 95-0194 (La.3/17/95), 651 So.2d 276 (discarding of engine component did not support adverse presumption where injured party returned to work within a few days after the accident, and suit alleging a defect in the component was not filed until almost one year after the accident); Miller v. Montgomery Ward and Company, Inc., 317 So.2d 278, 280-81 (La. App. 1 Cir.), writ denied, 320 So.2d 912 (La. 1975) (remodeling of floor did not give rise to adverse presumption where the defendants had no notice that a suit would be filed based on an alleged defect in the floor).

. See Everhardt v. Louisiana Department of Transportation and Development, 07-0981 (La.App. 4 Cir.2/20/08), 978 So.2d 1036, 1044-1045 (where plaintiffs sold vehicle involved in an accident, trial court found plaintiffs did not have notice that the vehicle was relevant to the litigation; court of appeal affirmed and held adverse presumption was inapplicable).

. See Critton v. State, Department of Transportation and Development, 43,328 (La.App. 2 Cir.6/4/08), 986 So.2d 207, 210, writ denied, 08-1493 (La.10/3/08), 992 So.2d 1019 (no adverse presumption where roadway was resurfaced almost two years after suit was filed); Constans v. Choctaw Transport, Inc., 97-0863 (La.App. 4 Cir.12/23/97), 712 So.2d 885, 902, writs denied, 98-0408, 98-412 (La.3/27/98), 716 So.2d 892 (no adverse presumption where evidence was available for inspection in excess of a year and a half prior to being discarded).

. See Randolph, 646 So.2d at 1027-28 (no adverse presumption where, among other factors, sufficient evidence was available to permit experts to render opinions as to the most probable cause of the failure of the discarded engine component); Constans, 712 So.2d at 902 (discarded bumper was extensively photographed prior to being discarded).

. See Paradise, 22 So.3d at 1027 (no adverse presumption where computer hard drive crashed and was discarded in aftermath of Hurricane Katrina); Bourgeois v. Bill Watson’s Investments, Inc., 458 So.2d 167, 172 (La.App. 5 Cir.1984) (inability to produce vehicle in negligent repair claim did not give rise to adverse presumption where vehicle owner was required to sell the vehicle to her insurer to recover property damages).

. In appropriate cases the application of the . presumption, like any factual determination, may be adjudicated in the context of a motion for summary judgment when the material facts pertaining to the loss or destruction of the evidence are sufficiently uncontested to permit a summary judgment. See Kennett v. Department of Public Works ex rel. City of Bogalusa, 13-0824 (La.App. 1 Cir. 12/27/13), 2013 WL 6858283; Fisher v. Gulf Coast Rheu-matology Associates, 06-1245 (La.App. 1 Cir.5/4/07), 2007 WL 1300940. However, summary judgment is not appropriate where the motive for destruction of the evidence is disputed and where material issues of fact remain as to knowledge of a claim and the circumstances and motives surrounding the destruction of evidence. See Higgins v. Richard, 08-2504 (La.App. 1 Cir.6/12/09), 2009 WL 2486892; Robertson, So.3d at 674-675.