**Gary James COCO**

v.

**WINSTON INDUSTRIES, INC., et al.,**

**Universal Underwriters Insurance Company, Intervenor.**

**Civ. A. No. 16463.**

United States District Court,
W. D. Louisiana,
Shreveport Division.

Oct. 23, 1974.

Sidney E. Cook, Cook, Clark, Egan, Yancey & King, Shreveport, La., Thomas & Friedman, Natchitoches, La., for plaintiff.

Breard Snellings, Sessions, Fishman, Rosenson, Snellings & Boisfontaine, New Orleans, La., for defendants Winston Industries and Universal Underwriters.

Hobson Manasco, Jr., Haleyville, Ala., John T. Cox, Jr., Blanchard, Walker, O'Quin & Roberts, Shreveport, La., for Tidwell, Posey, and Burdick.

### RULING ON MOTION FOR SUMMARY JUDGMENT

DAWKINS, Senior District Judge.

Plaintiff, Gary James Coco, brings this action to recover damages for injuries he allegedly suffered while operating a "dado saw" at his employer's mobile home manufacturing plant.

As a result of the alleged accident, plaintiff's right hand, except for the thumb, was amputated. Named as defendants are Winston Industries, Inc. (Winston), (formerly Winston Mobile Homes, Inc.), Don Tidwell, former President of Winston, Burton Burdick, a former Vice-President of Winston, and John Posey, Jr., former Secretary-Treasurer of Winston. The three individual defendants also were directors and sole shareholders of Winston. Plaintiff additionally has named as defendants Universal Underwriters Insurance Company (Universal), the workmen's compensation and employer's liability insurer of Winston Industries, and the officers and executive officers and directors of Winston Industries, Inc., whose names, addresses, and locations were not known to plaintiff when the action was filed.*

* Plaintiff since has learned the names and addresses of all officers, executive officers, and directors of Winston Industries, Inc., and Sherwood Homes, Inc., as of April 9, 1970, the date of the accident. They were obtained as a result of interrogatories propounded to Winston.

Universal also intervened, claiming priority for all workmen's compensation benefits and medical expenses it has paid in plaintiff's behalf. Since there is complete diversity and plaintiff's demand exceeds $10,000, we have subject matter jurisdiction. 28 U.S.C. § 1332.

■ We now are concerned solely with a motion for summary judgment, filed pursuant to Rule 56, F.R.Civ.P., by defendants Tidwell, Burdick, and Posey against the claims by plaintiff and intervenor. Under that Rule, we may grant that motion only if there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." We are well aware that any such movant bears the burden of showing without dispute that he is entitled to prevail. We also realize that summary judgment seldom is appropriate in actions based upon negligence. Wright & Miller, Federal Practice and Procedure: Civil, §§ 2727, 2729. Notwithstanding, after thorough consideration of the evidence presented through affidavits, exhibits, and depositions filed here, we hold that these defendants' motion for summary judgment must be granted. We now turn to our reasons for this ruling.

First, we outline what we find to be undisputed facts. In 1965, Winston Mobile Homes, Inc., was incorporated. There were ten shareholders, each with 100 shares. Later, defendants Tidwell, Burdick, and Posey became Winston's sole shareholders. In July, 1968, Sherwood Homes, Inc., located in Natchitoches, Louisiana, was formed as a wholly-owned subsidiary of Winston. Sherwood operated a facility for manufacturing mobile homes there.

Tidwell, Burdick, and Posey continued to own all of Winston's stock until March, 1969. Up to that date, Tidwell functioned as President, Chief Executive Officer, and director. Burdick and Posey were officers and directors; however, neither took an active part in management of the company. Posey's role principally was that of legal advisor, while Burdick essentially was an investor in the company. In short, of the three, only Tidwell had an active role in the day-to-day management of the corporation.

In 1969, Tidwell sold all of his stock in Winston to Electronics Capital Corporation (Electronics) for cash and notes. Simultaneously, he severed all connection with Winston and its subsidiaries, including Sherwood. On the same date, Posey and Burdick sold substantially all of their stock in Winston to Electronics, retaining only a 9% interest each. This minority interest thereafter was sold to Electronics in September, 1969. Posey's association with Winston then came totally to an end; however, Electronics continued to list Burdick as a member of Winston's board of directors until some time after April 9, 1970 (the date of plaintiff's accident).

March 26, 1970, Coco applied for and obtained employment with Winston at its Sherwood plant. April 9, following, while working on a "dado saw" at the Sherwood plant, plaintiff suffered the injury which is the subject of this suit. The "dado saw" was constructed at the Sherwood plant site by one Harold Bridges, an employee of Winston who had been employed by Tidwell.

To summarize briefly, it is undisputed that when plaintiff was employed by Winston (Sherwood), Tidwell had no connection whatever with that company, having sold his shareholdings and resigned his position more than a year earlier. Moreover, Posey, who never had taken an active role in managing Winston, had ended his relationship with the company seven months prior to Coco's employment by Winston (Sherwood). Only Burdick was listed as a director of Winston at the time of the accident; however, since he essentially was merely an investor in the company, he never had taken an active role in its management. Finally, the saw which allegedly injured plaintiff was designed and built by an employee of Winston (Sherwood) who had been hired by Tidwell.

Given the foregoing undisputed material facts and considering applicable Louisiana law, which we are *Erie*-bound to follow in this diversity action, we are convinced that movants are entitled to summary judgment as a matter of law.

The essence of plaintiff's claim is that movants breached an employment-imposed duty to provide Winston's (Sherwood's) employees with a safe place to work; that plaintiff was included within the class of persons thus protected and hence is entitled to tort compensation for his damages. This we must reject.

In its recent decision in Canter v. Koehring Company, 283 So.2d 716 (La. S.Ct., 1973), the Louisiana Supreme Court squarely faced the broad legal question: "When and under what circumstances is the officer, agent, or employee of an employer or principal liable to a third person (including a co-employee), when injuries caused to such third person result from the breach of a duty imposed by his employer or principal upon the officer, agent, or employee?" The following criteria then were given by the Court for the purpose of determining when individual executive officer liability may be imposed:

"1. The principal or employer owes a duty of care to the third person (which in this sense includes a co-employee), breach of which has caused the damage for which recovery is sought.

"2. This duty is delegated by the principal or employer to the defendant.

"3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances—whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

"4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general or administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm." 283 So.2d 716, at 721.

██ We thus are faced with three different sets of circumstances in determining whether individual liability may be imposed upon Tidwell, Burdick, or Posey, or all of them. First, at the time plaintiff was injured, Burdick still was listed as a director of Winston Industries. However, as noted, he never had taken an active part in management of the company. We firmly are of the opinion that the undisputed facts clearly show Burdick never had been delegated the duty of providing employees of Winston (Sherwood) a safe place to work as required by *Canter*. Consequently, he owed no duty to plaintiff. Where there is no duty owed by a defendant to a plaintiff, it is fundamental that such defendant cannot be held legally responsible for such plaintiff's injuries.

█ Turning now to Posey's status, we find that he, too, never had been delegated any duty to provide employees of Winston with a safe place to work. Moreover, since he no longer was con-

nected with Winston when plaintiff was hired, any duty he might have owed long since had terminated. Thus Posey, too, is not liable here.

 Finally, we turn to Tidwell, who took an active part in management of the corporation and hired the man who constructed the "dado saw" in question. For purposes of this motion, we *assume* that Tidwell *was* delegated the duty of providing Winston's approximately 800 to 900 employees a safe place to work and that he breached this duty, creating an undue risk that an employee such as plaintiff, operating a "dado saw" at the Sherwood plant, would be injured. Given this assumption, we now must inquire whether the class of persons protected included plaintiff, one whose status as an employee came to pass and whose injury occurred more than one year subsequent to Tidwell's withdrawal from the affairs of plaintiff's employer. We hold that plaintiff is not included in the protected class, which would include only those persons employed while Tidwell still was associated with Winston (Sherwood). An employment-imposed duty ends when the employment relationship is terminated. This does not mean that liability may not be found in those situations where there has been a breach of some other legal duty resulting in injury to another. We do not perceive here any other duty which arguably might have been breached by Tidwell, Burdick, or Posey. Otherwise, they might be held liable for injuries occurring many years after they totally had severed their connection with the company.

Plaintiff relies upon Galloway v. Employers Mutual of Wausau, 286 So.2d 676 (La. 4th Cir. C.A.1974), writ den. 290 So.2d 333 (La.Sup.Ct., 1974), in support of his opposition to defendants' motion. But *Galloway* is inapposite to the undisputed circumstances here present. There, the President, Vice-President, and Shop Foreman were held personally liable as executive officers of a small metal fabricating plant, having been found to be in absolute charge of all corporate activity. Too, the matter of safety at the plant actually had been delegated to them by the employer corporation. More importantly, with respect to the alleged liability of Tidwell and Posey, all were employed by that plaintiff's employer at the time of his injury.

In granting this motion for summary judgment, we note that plaintiff and intervenor have not amended their complaint so as formally to add the names of officers and directors employed by Winston (Sherwood) at the time plaintiff's accident occurred. Therefore, in granting defendants' motion, plaintiff and intervenor are granted twenty days from this date within which to add the names of such persons, if they so desire.