429 So.2d 538 (1983)
Theodore FISCHER
v.
TRAVELERS INSURANCE COMPANY, Dale Athmann, the City of New Orleans, and Jane Done.
No. CA-0329.
Court of Appeal of Louisiana, Fourth Circuit.
March 15, 1983.
Kernan A. Hand, Barry J. Sallinger, New Orleans, for plaintiff-appellee.
*539 Harold D. Marchand, Asst. City Atty., New Orleans, for defendants-appellants.
Before REDMANN, C.J., and GULOTTA and KLEES, JJ.
KLEES, Judge.
This suit was filed by plaintiff-driver, injured in a collision, against the investigating police officer, for failing to properly submit or file an accident report, and the City of New Orleans, as his employer. Plaintiff contended that the negligent and unlawful act of omission deprived him of the opportunity to ascertain the identity of the other driver and pursue his claim. The trial court rendered judgment in favor of plaintiff and defendants appeal arguing that the trial court erred in finding that the officer violated a statutory duty to defendant. Plaintiff answers the appeal urging that the trial court erred in rendering a judgment of one-half of the amount stipulated between the parties.

FACTS
Plaintiff was proceeding in a southerly direction on Downman Road, and collided with a vehicle which pulled out in front of him from a parking lot. As a result of the impact, his head struck the steering wheel causing substantial injuries to his face, neck and back.
A police officer on duty, Dale Athmann, passed by the scene of the accident shortly after it occurred and stopped to investigate. As the vehicles had been moved, Officer Athmann was unable to determine which driver was at fault, thus he issued no citations.
Officer Athmann wrote the information regarding the accident including the names and addresses of the drivers, on a sheet of paper on his clipboard. Just before completion of securing his information, he left the scene to apprehend a drunk driver. Later that evening, he misplaced the clipboard at Central Lock-up and it was never recovered. Hence, no report of the accident from which plaintiff could obtain the other driver's name and address was ever filed or submitted.
After trial, a judgment of $17,500.00 was rendered in favor of plaintiff against the defendant and his employer, the City of New Orleans.
R.S. 32:398(D) requires the police department to investigate accidents resulting in injury to any person, and to instruct the driver of each vehicle involved to report to all injured parties the name and address of the owner and driver, license numbers, and the liability insurer of the vehicles. It further provides that a written report of the accident or collision be forwarded to the police department within forty-eight hours after the completion of the investigation.
When liability is sought to be imposed for breach of duty allegedly imposed by statute, it is necessary to determine if the risk and harm encountered by the plaintiff falls within the scope of the protection of the statute, that is, inquiry is made to determine whether the plaintiff falls within that class of persons sought to be protected by the statute. General Credit Plan, Inc. v. Pearson, 341 So.2d 1238 (La.App. 1st Cir. 1976) writ denied, 343 So.2d 201.
Defendants cite several cases where a city was not liable for negligent acts of its agents because the duty was owed to the general public rather than to an individual. In Dufrene v. Guarino, 343 So.2d 1097 (La. App. 4th Cir.1977), the plaintiff sued the City of New Orleans, the New Orleans Fire Department, the State Fire Marshall, and other governmental agents and departments, alleging that he was injured by the negligent failure of the government officers to either inspect or properly conduct an inspection of the building containing a lounge in which he was a patron, allegedly resulting in a fire which caused injuries to plaintiff. The court held that no individual duty was owed by the city.
Defendants also rely on Duran v. City of Tucson, 20 Ariz.App. 22, 509 P.2d 1059 (1973), involving an action by a body shop employee against the city, its fire department and fire chief to recover for injuries allegedly sustained as a result of the City's *540 negligent violation of the fire prevention code by permitting an open flame heater in a work area, resulting in the ignition of gasoline which plaintiff was removing from an automobile tank. The court held that the duty of defendants, who made an annual inspection of the employer's premises to enforce the City's fire code, was a duty owed to the public and not a duty owed to the plaintiff individually.
The court in Duran cites Hoffert v. Owatonna Inn Towne Motel, Inc., 293 Minn. 220, 199 N.W.2d 158 (1972) where plaintiff was injured by fire in a motel wherein stairway enclosures were constructed in violation of the building code. The court held that a building inspector acts exclusively for the benefit of the public, that the act performed is only for public benefit, and that an individual who is injured by the negligent performance of a building inspector does not have a cause of action.
We find that the cases cited by defendant are not applicable to the factual situation in the instant case.
In Prattini v. Whorton, 326 So.2d 576 (La.App. 4th Cir.1976), as analyzed in Dufrene v. Guarino, supra, 343 So.2d at 1100, "the City was held liable for the negligent act of its police officer agent in directing a bus to move in traffic when it should have been obvious that such a manuever would cause it to collide with plaintiff's car." The Dufrene court found that although "directing traffic is a duty carried on for the public good ... the policeman also was obligated to conduct himself in such a way that he did not inflict damage to the property of the individual involved... There was a one-to-one relationship between the city officer and the individual motorist when the injury occurred."
We adopt the view taken by the trial court which is stated in his Reasons for Judgment as follows:
"... This requirement [of R.S. 32:398(D)] could have no other purpose than to facilitate any civil claims that may have arisen. This being so, the police officer violated a statutory duty which included within the ambit of its protection a risk of harm such as occurred here.
The next question is whether the violation was a cause in fact of damages. Certainly the officer's negligence did not cause the physical injuries suffered by plaintiff. It did, however, cause him to lose the opportunity to pursue the claim against the other driver..."
The officer himself admitted that the accident report was not submitted to the police department as required by statute. At trial, he stated that he specifically remembered telling the parties to the accident to exchange information, such as names and addresses. However, in his deposition, he testified that although it is normal procedure to do so, he did not remember if he did it for this particular accident.
There was sufficient evidence in the record to prove that plaintiff was injured in the collision. Plaintiff testified that his head struck the steering wheel which cut his chin and hurt his neck and back. He stated that he was incoherent, and was in too much pain to get out of the car to obtain information from the other driver. Plaintiff's injuries were serious enough to necessitate the wrecker driver taking him to the hospital.
From Officer Athmann's testimony in his deposition and at trial, he was aware of plaintiff's injuries. He recalled that plaintiff was bleeding from the mouth and that it looked like he had several cuts on his face. He further noted that plaintiff was incoherent at times. His testimony of the fact that he asked plaintiff if he wanted to go to the hospital for treatment of his injuries is indicative that he knew the plaintiff was injured.
Accordingly, we affirm the trial court's judgment as regards to liability.
In his answer to the appeal, plaintiff prays for an increase in the amount awarded by the trial judge to the sum of $35,000.00, which he claims was stipulated to at trial. That stipulation was as follows:
"THE COURT:
Okay. Ready?
*541 MR. HAND:
Your Honor, it has been agreed and stipulated to by all parties to this that should judgment be rendered in favor of the plaintiff, Theodore Fischer, against the defendant, City of New Orleans, that it be in the amount of $35,000 total.
THE COURT:
What about interest? Interest from demand or from
MR. HAND:
Interest from the date of filing.
THE COURT:
Demand. Okay. Good. So stipulated. Okay"
In his reasons for judgment the court says that, "... the parties stipulated that the injuries resulting from the accident had a value of $35,000.00..." We find that the stipulation itself was much more specific.
Here, the parties stipulated that should the judgment be rendered ... it be in the amount of $35,000.00 total, with interest from demand.
In Wickliffe v. Cooper & Sperrier, 161 La. 417, 108 So. 791 (La.1926), our Supreme Court found that stipulations between the parties in a specific case were binding upon the trial court in the disposition of that case, where the stipulations were not in derogation of the law. The Supreme Court reasoned that:
"The trial court is in error if he refuses a stipulation as relating to the agreements between the parties affecting only their own rights and obligations towards each other, so long as these agreements do not impinge upon or interfere with the court's general powers, duties and perogatives.
A plaintiff and defendant, sole parties to a litigation, may agree that plaintiff shall have judgment as prayed for ... and the judge must not only carry out but enforce that agreement, because that agreement then becomes the law of the case." (emphasis added) R.C.C. art. 1901, 1764.
See also: General Investment, Inc. v. Thomas, 400 So.2d 1081 (La.App. 4th Cir. 1981).
For the foregoing reasons, the judgment of the trial court is affirmed in part and amended in part to increase the award of the judgment to Thirty-Five Thousand ($35,000.00) Dollars, together with legal interest from the date of judicial demand. All costs to be borne by appellant.
AFFIRMED IN PART, AMENDED IN PART.