Annette DUHE

v.

**DELTA AIR LINES, INC.**

**Civ. A. No. 85–3847.**

United States District Court,
E.D. Louisiana,
Section A Division.

May 30, 1986.

---

William R. Mustian, III, Alonzo T. Stanga, III, P.L.C., Metairie, La., for plaintiff.

Francis G. Weller, Deutsch, Kerrigan & Stiles, New Orleans, La., for defendant.

## ORDER & REASONS

CHARLES SCHWARTZ, JR., District Judge.

This matter is before the Court on the motion of defendant, Delta Air Lines, Inc., to dismiss for failure to state a claim for relief and for lack of jurisdiction. For the reasons which follow, the motion to dismiss for lack of jurisdiction is DENIED, the motion to dismiss for failure to state a claim is, likewise, DENIED.

This matter arises out of an alleged assault on the plaintiff, Annette Duhe, at New Orleans International Airport. Plaintiff alleges that "several passengers preparing to board Delta Air Lines Flight # 825 approached plaintiff and one of the group members, obviously intoxicated, began to fondle and caress plaintiff in an obscene manner, rubbing plaintiff's thigh and vaginal area and otherwise sexually battering plaintiff without plaintiff's consent." Complaint Count II, paragraph 4. She further alleges that she reported the incident "to a Delta Air Lines gate agent and requested that the gate agent notify law enforcement officers." Count II, paragraph 5. After seeing her attacker board Delta Flight # 825, and after Kenner Police Department officers had arrived at the scene, plaintiff alleges that the police officers requested permission to board the Delta Air Lines flight and that such permission was refused. Count II, paragraph 6. Plaintiff also alleges that, after refusing access to said Delta Air Lines flight, a Delta Air Lines supervisor ordered the Delta Air Lines gate agent to close the walk-

way to the aircraft and to have the aircraft depart.

Delta claims that this sequence of events does not state a claim for relief against it. It advances two arguments in this regard. First, it alleges that Delta owed the plaintiff no legal duty. Second, it alleges that plaintiff's psychological trauma is not causally related to any act or omission of Delta.

■ Turning to the question of whether or not Delta owed the plaintiff a duty, LSA-R.S. 14:108 establishes a duty for a citizen not to intentionally oppose, resist or obstruct a lawful arrest or seizure.[1] Because, Louisiana Civil Code Article Sec. 2315 provides "every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. ...," LSA-Civil Code Art. 2315, Louisiana courts have, on occasion, looked to criminal statutes to determine proper standards for behavior in civil relationships. *Pierre v. Allstate Insurance Company*, 257 La. 471, 242 So.2d 821 (1970); *Fischer v. Travelers Insurance Company*, 429 So.2d 538 (La. App. 4th Cir.1983). The instant complaint describes events which, when viewed in the light most favorable to the plaintiff, could support a finding of intentional interference with a police officer in making a lawful arrest. Since the violation of that statute would constitute "fault" under Art. 2315, we cannot find that the plaintiff has failed to state a claim for relief because of a lack of duty.[2] *See Conley v. Gibson*, 355

U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *International Erectors, Inc. v. Wilhoit Steel Erectors and Rental Service*, 400 F.2d 465 (5th Cir.1968); *Ward v. Hudnell*, 366 F.2d 247 (5th Cir.1966).

■ Turning to the question of causation, we note, at the outset, that causation is a question not particularly suited to resolution on motions to dismiss or motions for summary judgment. Here, it is clear that the actions of the Delta Air Lines agents did not cause the offensive contact suffered by the plaintiff. However, it is arguable that their actions did cause the plaintiff to lose the opportunity to pursue her claim against her assailant.

In *Fischer v. Travelers Insurance Company, supra,* the Louisiana Fourth Circuit held that a police officer's negligent failure to submit an accident report, as required by LSA-R.S. 32:398, subd. D., caused the victim of the accident to lose the opportunity to pursue a claim against the other driver, and, accordingly, caused the plaintiff's damages. We find the situation in this case to be analogous. Accordingly, the complaint herein does state a claim for relief because the alleged breach of duty might have a causal relationship to the recovery of some damages.

■ The defendant also contends that the plaintiff may not maintain a claim for relief for emotional trauma absent allegations of physical injury. Because the alleg-

---

1. LSA-R.S. 14:108 reads in pertinent part:
   108. Resisting an Officer.
   A. Resisting an officer is the intentional opposition or resistance to or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting ... is acting in his official capacity.

   .    .    .    .    .

   B. (2) The word "officer" as used herein shall include deputy sheriffs and municipal police officers.

   .    .    .    .    .

2. When liability is sought to be imposed for breach of a duty allegedly imposed by statute, it is necessary to determine if the risk and harm

encountered by the plaintiff falls within the scope of the protection of the statute. *General Credit Plan, Inc. v. Pearson*, 341 So.2d 1238 (La.App. 1st Cir.1976), *writ denied*, 343 So.2d 201 (La.1977); *see also Dufrene v. Guarino*, 343 So.2d 1097 (La.App. 4th Cir.1977). Although this inquiry is ordinarily conducted where the statutory duty is imposed on a governmental entity, it is not entirely clear whether or not it is necessary in cases such as this one, where the duty is sought to be imposed on a private individual. However, since this Court does not doubt that victims of crimes, and not merely the public in general, are an intended beneficiary of this statute, we address this question without resolving the issue of whether or not it is necessary to the imposition of the duty in question here.

edly lost claim for assault against the plaintiff's assailant would have an element of physical injury, this argument is inapplicable to this theory of recovery. However, to the extent that the plaintiff's complaint purports to state a claim for relief based on the aggravation of the plaintiff's injuries by the conduct of Delta's agents, independent of the loss of her claim against her alleged assailant, such an issue does exist. In Louisiana, courts have recognized a right to recover for fright or shock unaccompanied by physical injury in such cases as *Klein v. Medical Building Realty Company*, 147 So. 122 (La.App. Orleans 1933); *Klegg v. Hardware Mutual Casualty Company*, 264 F.2d 152 (5th Cir.1959); *Rezza v. Cziffer*, 186 So.2d 174 (La.App. 4th Cir.1966); and *Farr v. Johnson*, 308 So.2d 884 (La.App. 2nd Cir.1975).[3] Accordingly, it appearing that the Louisiana courts have recognized a cause of action for similar injuries, we find the argument to be without merit.

Turning, finally, to the question of jurisdiction, the parties agree that it must appear to a legal certainty that a claim does not meet the jurisdictional amount in order to justify the granting of a motion to dismiss. *St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1937). The plaintiff's allegations of having missed work and a consequent loss of wages, inability to resume a normal sexual relationship with her husband and continued emotional distress are such that this Court cannot, to a legal certainty, determine that the jurisdictional amount is not met in this case.

In light of the foregoing, the motion to dismiss for failure to state a claim for relief is DENIED. The motion to dismiss for lack of jurisdiction is, likewise, DENIED.

**3.** Although many of these cases include the perception of another's peril, some cases have dealt with the perception of one's own peril. *See e.g. Lerd v. Nachitoches Oil Mill*, 120 So. 692 (La. App. 2nd Cir.1929). The Fifth Circuit in *Mayo v. Borden, Inc.*, 784 F.2d 671 (5th Cir.1986) reaffirmed its conclusion that Louisiana courts continue to impose liability for emotional distress as a result of another's violation of Article 2315 *et seq.*