607 So.2d 695 (1992)
Ronald L. WILLIAMS
v.
GENERAL MOTORS CORPORATION, et al.
No. 91-CA-2379.
Court of Appeal of Louisiana, Fourth Circuit.
October 15, 1992.
Lemle & Kelleher, Walter F. Marcus, III, New Orleans, Hailey, McNamara, Hall, Larmann & Papale, Laurence E. Larmann, Metairie, for appellee.
*696 Bernard, Cassisa, Saporito & Elliott, B. Frank Davis, Karen Wells Roby, Metairie, for appellant.
Before LOBRANO, JONES and WALTZER, JJ.
JONES, Judge.
Defendant, General Motors Corp., appeals the trial court's denial of its Motion for Summary Judgment and the granting of third-party defendants', Bernard Charbonnet and Prudential Property & Casualty Insurance Company, Exceptions of No Cause of Action, and the granting of Mr. Charbonnet's Motion for Summary Judgment. This is a devolutive appeal.
This case arose out of an accident which occurred on March 17, 1987, on I-10 East. Plaintiff, Ronald Williams, contends that while travelling on I-10 East, the 1985 Buick Century which he was driving suddenly went out of control, resulting in the accident herein sued upon. Plaintiff filed suit against General Motors, Prudential Property and Casualty Insurance Company, Sears and Roebuck, Royal Insurance Company, and his wife, Betty Williams. Betty Williams was dismissed from the suit by way of an exception.
Thirteen days after the accident, Bernard Charbonnet as counsel for Ronald Williams, contacted Jackie Rowan, President of Jackie's Automotive and Body Repairs, Inc., and requested that Mr. Rowan inspect and repair the 1985 Buick Century. For approximately two years after the vehicle had been repaired the alleged defective rack and pinion steering assembly was stored on the premises of Jackie's repair shop. At all times during Mr. Charbonnet's representation of Williams, the rack and pinion steering assembly remained in the custody of Jackie Rowan. Thereafter, the parts were inadvertently lost. General Motors has named Mr. Charbonnet as a third party defendant alleging that he was negligent in failing to preserve the parts of the vehicle. Mr. Charbonnet brought a Motion for Summary Judgment and/or No Cause of Action. The trial court granted the motion and the exception, and dismissed the proceedings as to Mr. Charbonnet. General Motors has appealed these rulings.
General Motors has filed a Reconventional Demand and A Third-Party Demand against Prudential Property and Casualty Insurance Company, alleging that Prudential had a duty to preserve photographs that Prudential took of the rack and pinion assembly. Prudential lost the photographs, however, they provided General Motors with xeroxed copies. Prudential filed an Exception of No Cause of Action which was granted by the trial court. General Motors is appealing that ruling.
Finally, General Motors filed a Motion for Summary Judgment seeking a dismissal on the grounds that, based upon the evidence, the rack and pinion assembly was not defective, and that Mr. Williams lost the alleged defective part and could not carry his burden of proof that a manufacturing defect existed in the subject vehicle. The trial court denied General Motor's motion and General Motors appealed.
By its first assignment of error, General Motors argues that La.C.C. articles 2315 and 2317 clearly impose responsibility on a person when his negligence causes damage, and also when the person has a legal relationship with a person, thing or activity which causes damage. Kent v. Gulf States Utilities, 418 So.2d 493 (1982). Further, article 2315 provides that a person can be held liable for acts of commission and omission that cause damage to another if a duty imposed by the relationship of the parties is breached by such acts or omission. Smith v. Travelers Insurance Company, 430 So.2d 55 (1983). General Motors further argues that actual or constructive knowledge of a risk of injury gives rise to a duty to take reasonable steps to protect a person from injurious consequences resulting from the risk. Naylor v. Louisiana Department of Public Highways, 423 So.2d 674 (1982), writ denied 427 So.2d 439, writ denied 429 So.2d 127, 134 (La.1983). Specifically, General Motors argues, Rule 3.4A which was adopted by the Louisiana Supreme Court on January 1, 1987 and which is intended to benefit all parties in litigation as well as to *697 preserve the integrity of the judicial process, imposes a duty upon an attorney to preserve the evidence.
General Motors claims that other jurisdictions have recognized a cause of action for the wrongful disposition of evidence. It asserts that the destruction of evidence constitutes an obstruction of justice and should be recognized by Louisiana courts. General Motors further asserts that Mr. Charbonnet knew Jackie Rowan was a careless individual. Therefore, his failure to properly instruct Jackie Rowan amounted to a breach of a duty to all parties who would be involved in future litigation.
Mr. Charbonnet submits that Louisiana subscribes to the traditional majority view that an attorney does not owe a legal duty to his client's adversary when acting in his client's behalf. Penalber v. Blount, 550 So.2d 577 (La.1989). The narrow exception to the general rule is when the adversary's attorney acted intentionally, knowingly, and in bad faith. Nothing in the record indicates that Mr. Charbonnet knew Mr. Rowan was a careless individual and should subject Mr. Charbonnet to sanctions under article 863. Mr. Charbonnet asserts that the tort, wrongful disposition of evidence, does not exist in Louisiana.
Furthermore, Mr. Charbonnet argues the person who allegedly failed to preserve the evidence was Jackie Rowan and at the time the evidence was allegedly lost Mr. Charbonnet had already withdrawn as counsel for Williams.
General Motors suggests that this is a legal issue of first impression in our jurisdiction. However, in Louisiana there are at least two cases that acknowledge a cause of action for impairment of a civil claim. Fischer v. Travelers Ins. Co., 429 So.2d 538 (La.App. 4th Cir.1983); Duhe v. Delta Air Lines, Inc., 635 F.Supp. 1414 (E.D.La.1986). The facts in Fischer, supra involve a police officer who breached a duty owed plaintiff pursuant to La.R.S. 32:398(D) requiring the police department to complete a written report in conjunction with accidents it investigates. The court's inquiry was stated to be whether "the risk and harm encountered by the plaintiff falls within the scope of the protection of the statute, that is inquiry is made to determine whether the plaintiff falls within that class of persons sought to be protected by the statute." The court concluded that La. R.S. 32:398(D) had no other purpose than to facilitate civil claims that might arise. Therefore, a statutory duty was owed to plaintiff. The court went on to find that causation existed between the officer's negligence and plaintiff's damage, which it described as the loss of plaintiff's opportunity to pursue the claim.
The court's opinion in Duhe, supra relied on Fischer, supra in finding that Delta Air Lines breached a statutory duty owed to plaintiff pursuant to La.R.S. 14:108 when the air line obstructed the lawful arrest of a passenger accused of sexual battery. Following Fischer, the court in Duhe held that Delta's actions arguably caused plaintiff to lose her opportunity to pursue her claim against her assailant.
We are not convinced that under the facts of the instant case La.C.C. articles 2315 and 2317 create a duty for defendants to preserve the evidence in dispute. The evidence was not in the custody of the named defendants nor has it been shown that the evidence was lost by any negligence on the part of the named defendants. We find no manifest error in the trial court's granting Mr. Charbonnet's Exception of No Cause of Action.
By its second assignment of error, General Motors submits that Prudential owed a responsibility to the other parties involved in the prospective lawsuit to use ordinary care and skill in preserving photographic evidence that it had obtained. It concedes that the issue is res nova but contends that other jurisdictions have recognized such a cause of action. The important roles of both foreseeability and the public policy considerations of determining duty have been determinative of issues which recognize causes of action for the tort of destruction of evidence.
Prudential argues that before a defendant can be held liable for harm caused to the plaintiff, the defendant must owe a *698 duty to the plaintiff. See: Coco v. Winston Industries, Inc., 383 F.Supp. 405, 408 (W.D.La.1974). See also Trabeau v. Mack Trucks, Inc., 543 So.2d 1381 (La.App. 1st Cir.1989); Cornelius v. Housing Authority of New Orleans, 539 So.2d 1250 (La. App. 4th Cir.1989).
Furthermore, Prudential argues that it does not owe General Motors a duty to preserve photographs or any other information developed during investigations. In addition it xeroxed copies of those photographs which it provided to General Motors. Had Prudential owed any duty to General Motors the xeroxed copies of the photographs would have sufficiently complied. We find that this assignment of error lacks merit.
By its third assignment of error, General Motors reiterates the arguments made concerning the trial court's granting Bernard Charbonnet's Exception of No Cause of Action and argues that, at a minimum, an issue of material fact does exist as to whether Mr. Charbonnet instructed Jackie Rowan on how to preserve the evidence.
Mr. Rowan admitted that he had been instructed to preserve the evidence but the evidence was discarded at a time that he was away from his place of business. Summary judgment was proper as to Mr. Charbonnet.
By its fourth assignment of error, General Motors argues that Mr. Williams cannot prove as required by Weber v. Fidelity & Casualty Company of New York, 259 La. 599, 250 So.2d 754 (1971) that there was a flaw or imperfection in the rack and pinion assembly. It submits the trial court erred in not granting its Motion for Summary Judgment for this reason. General Motors deposed Williams, expert, Neil Mizen, who admits that he did not examine the part that allegedly malfunctioned. Mizen concluded that the torsion spring in Mr. Williams' vehicle broke based on the facts of the accident.
Furthermore, General Motors argues that Mr. Williams is unable to prove the elements of this cause of action, namely:
1. that the injury or damage resulted from the condition of the product;
2. that the condition made the product unreasonably dangerous to normal use; and
3. that the condition existed at the time the product left the care, custody and control of the manufacturer or supplier.
Bell v. Jet Wheel Blast, Division of Ervin Industries, 462 So.2d 166, 168 (La.1985).
Finally, General Motors argues that the case law relied on by the trial court in its reasons for judgment is erroneous. General Motors claims that these cases do not support the trial court's denial of its motion for summary judgment. The trial court cited two cases in its reasons for judgment:
"The courts have repeatedly held that a Motion for Summary Judgment is not a substitute for a trial on the merits." Fly v. Hand, 376 So.2d 1016 (La.App. 1st Cir.1979).
Additionally, "the fact that a litigant is unlikely to prevail on the merits; that there is little or no likelihood of successful prosecution; or that a trial judge has grave doubt that a case can be proved by a preponderance of the evidence is not sufficient to sustain a Motion for Summary Judgment." Warden v. Southwest, 300 So.2d 590, 594 (La.App. 3rd Cir.1974).
The sole purpose in citing these cases is that in both cases summary judgment was found to be inappropriate. We find no error with the court's application of law.
For the foregoing reasons, the trial court's judgment is affirmed.
AFFIRMED.
LOBRANO, Judge, concurs.
I concur in the majority result. However, I would dismiss General Motors appeal of the denial of its summary judgment. That is not a final appealable judgment.
In addition, in my opinion the only cause of action for destruction of evidence which should be recognized is where there is an intentional destruction during the course *699 of litigation or where litigation is reasonably anticipated.