637 So.2d 1076 (1994)
Edward MORGAN
v.
ABC MANUFACTURER, DEF Insurance Company, GHI Parts Suppliers, JKL Insurance Company, MNO Repair Services, PQR Insurance Company, STU Distributor, VWX Insurance Company, AAA, Inc., BBB Insurance Company, CCC, DDD Insurance Company and Crawford & Company.
No. 93-CA-701.
Court of Appeal of Louisiana, Fifth Circuit.
March 16, 1994.
Rehearing Granted April 27, 1994.
Supplemental Opinion Amending Opinion after Grant of Rehearing June 17, 1994.
*1077 Lisa A. Montgomery, Paul E. Mayeaux, Lobman, Carnahan and Batt, Metairie, for plaintiff-appellant.
James C. Murphy, Jr., Patricia A. McKay, Cornelius, Sartin & Murphy, New Orleans, for non-party appellant.
Michael R. Zsembik, Law Offices of James J. Morse, New Orleans, for defendant-appellee.
Before BOWES, GRISBAUM and CANNELLA, JJ.
GRISBAUM, Judge.
This appeal arises out of injuries plaintiff allegedly suffered while on the job. There are two judgments being appealed by different parties. First, the plaintiff appeals the trial court's judgment granting an exception for no cause of action which dismissed Crawford & Company (Crawford), the only non-fictitious defendant, from the suit.
Secondly, Goldin Industries, a non-party at the time the judgment was rendered, appeals the trial court's judgment which denied its motion for protective order from a deposition of the Goldin Corporation. We affirm in part, amend in part, and remand.

ISSUES
We are called upon to determine two specific issues:
(1) Whether plaintiff alleged specific facts in his petition to state a cause of action against Crawford, and
(2) Where the only non-fictitious party is dismissed from a suit, can a non-party be deposed thereafter in relation to that matter?

BASIC RECORD FACTS AND PROCEDURAL HISTORY
On February 3, 1993, plaintiff filed suit against several fictitious defendants and Crawford for injuries he allegedly suffered on October 23, 1992 while on the premises of his employer. On April 19, 1993,[1] the trial court dismissed, without prejudice, the only non-fictitious defendant, Crawford, from the suit on an exception of no cause of action. Plaintiff alleges that his petition states a cause of action against Crawford for impairment of a civil cause of action and detrimental reliance. Three days after plaintiff filed *1078 this appeal, he filed a supplemental and amending petition setting forth more factually specific allegations against Crawford.
On June 4, 1993, the trial court denied Goldin Industries, plaintiff's employer and a non-party at that time, a protective order to prevent plaintiff from deposing the Goldin Corporation. Goldin appealed the judgment on September 20, 1993 on the grounds that no civil suit existed because the only non-fictitious defendant had been previously dismissed and, therefore, plaintiff did not have a civil action in which he could notice the deposition. However, subsequently plaintiff filed a supplemental and amending petition on September 23, 1993 naming Goldin Industries as a defendant.

ISSUE ONE

STANDARD OF REVIEW
On review, a dismissal for no cause of action should only be sustained if the well-pleaded allegations of fact in the petition clearly show that, based on the circumstances alleged, there is no remedy under any theory of law. Williams v. Hattan, 594 So.2d 977 (La.App. 3d Cir.1992), writ denied, 600 So.2d 606 (La.1992). Additionally, we must determine whether the trial court considered La.Code Civ.P. art. 934[2] in sustaining the exception.

ANALYSIS
An exception for no cause of action raises the question of whether the law affords any remedy to the plaintiff under the allegations in the petition. All facts pleaded in the petition are accepted as true without reference to any extraneous supporting or controverting evidence and all doubts are resolved in favor of the sufficiency of the petition. La.Code Civ.P. art. 931; Uhrbach v. Lin, 601 So.2d 755 (La.App. 1st Cir.1992), writ denied, 604 So.2d 1310 (La.1992).
Paragraphs 18 and 19 of plaintiff's petition are the only allegations made against defendant, Crawford, who is the worker's compensation adjuster for Goldin Industries, plaintiff's employer. The allegations, as found in paragraphs 18 and 19, are as follows:
Crawford & Company, as of the date of the filing of this Petition, has failed to conduct any investigation whatsoever of this accident, and has further prevented any attempt by plaintiff and/or his representatives to investigate this accident, specifically to inspect the crane, crane apparatus and/or hook or hook apparatus which caused the accident and resulting damages therein.
The plaintiff has suffered damages as a result of the negligence of Crawford & Company, which damages include but are not limited to those described in the immediate preceding paragraph, as well as the impairment of the causes of action alleged by him in this Petition.
Appellant argues in brief that paragraphs 18 and 19 state a cause of action for impairment of a civil claim. We agree there is an indication that some Louisiana courts have recognized a cause of action for the impairment of a civil claim. Williams v. Gen. Motors Corp., 607 So.2d 695 (La.App. 4th Cir.1992). However, in stating a cause of action for impairment of a civil claim, appellant must allege facts that, if proven true, would allow him to recover.
Upon review, it is apparent that the courts have required there be some type of duty on the defendant to act. Williams v. Gen. Motors Corp., supra; Fischer v. Travelers Ins. Co., 429 So.2d 538 (La.App. 4th Cir.1983), not considered, 433 So.2d 159 (La.1983); Duhe v. Delta Air Lines, Inc., 635 F.Supp. 1414 (E.D.La.1986). We are unaware of any legal duty Crawford has to investigate an accident where there has been no allegation that worker's compensation benefits have been sought. Therefore, any duty owed by appellee would have to be from its own undertaking. Appellant's counsel argues that appellee made a promise to her that it would *1079 investigate the matter. However, on the face of appellant's petition, we cannot say that there is any indication that appellee undertook any duty to investigate appellant's accident.
Appellant also argues in brief that he asserted a cause of action under the theory of detrimental reliance. We disagree. Under La.Civ.Code art. 1967, appellant's petition does not demonstrate a promise having been made. Accordingly, a cause of action for detrimental reliance does not exist. Therefore, we see nor error.
However, we find the trial court erred in failing to grant appellant time within which to amend his petition, as prescribed by La.Code Civ.P. art. 934, because we find the grounds for the exception apparently could have been removed by amendment.[3]

ISSUE TWO
Goldin Industries, plaintiff's employer at the time of the alleged injury, appeals as a non-party from the trial court's judgment allowing plaintiff to depose the Goldin Corporation.[4] Goldin maintains that because Crawford, the only non-fictitious defendant, was dismissed there is no civil suit; therefore, absent compelling reasons as set forth in La.Code Civ.P. art. 1429, the deposition cannot be taken.
We note that since this appeal has been filed, plaintiff-appellee has filed a supplemental and amending petition naming Goldin as a defendant. However, we also note that there is no indication that appellant obtained leave of court pursuant to La.Code Civ.P. art. 1151 in order to file the amending petition. Failure to obtain leave of court when it is required renders the amendment totally without effect and it is deemed not to have been filed at all. Carolina Casualty Ins. Co. v. John Day House Movers, Inc., 525 So.2d 116 (La.App. 3d Cir.1988). Since we have no evidence that appellant properly filed his amending petition, the issue regarding Goldin as a non-party is not moot.
We find that the dismissal of the only non-fictitious defendant from the lawsuit does not mean the lawsuit ceases to exist. A similar argument was made in Gravois v. Uniroyal, Inc., 458 So.2d 949 (La.App. 1st Cir.1984), where a non-party moved to quash a deposition notice by arguing that the lawsuit ceased to exist because the only legal entity defendant had been previously dismissed on summary judgment. While the court did not directly address the argument, it did find that the lawsuit had been abandoned as to the remaining two fictitiously named defendants. In order to find that the lawsuit had been abandoned and should be dismissed, the court necessarily found the lawsuit had continued despite the earlier dismissal of the only non-fictitious defendant.
Therefore, we find that, because there is an existing lawsuit, Goldin's deposition may be taken pursuant to La.Code Civ.P. art. 1437, which allows the deposition of a non-party.
For the reasons assigned, we affirm the trial court's judgment dated April 20, 1993 in that it maintains the exception of no cause of action. However, we set aside that part of the April 19, 1993 judgment which states, "plaintiff's claim [to] be dismissed, without prejudice ..." and, as amended, affirm. In lieu thereof, we hereby remand and order the trial court to grant plaintiff time within which to amend his petition in accordance with La.Code Civ.P. art. 934. Furthermore, we affirm the trial court's June 4, 1993 judgment, which denied Goldin Industries' motion *1080 for protective order. The parties to this appeal are to bear their respective costs.
AFFIRMED IN PART, AMENDED IN PART, AND REMANDED.

ON REHEARING
We granted a rehearing in this matter to consider the limited issue of whether plaintiff should bear his costs in this proceeding.
After reconsideration, we find that plaintiff, who is in forma pauperis and is a successful appellant, should not be condemned to pay his costs. LSA-C.C.P. art. 5186.
Accordingly, we amend the last sentence of our original opinion to state that "All costs of this appeal are assessed equally against Goldin Industries, Inc. and Crawford & Company."
GRISBAUM, Judge, concurring in part and dissenting in part.
I concur in part and dissent in part.
The majority fails to realize there were two separate issues involving two different appellants. First, plaintiff, proceeding in forma pauperis, appealed from the trial court's judgment granting defendant's, Crawford's, exception for no cause of action. We did not rule against Crawford as contemplated and prescribed by La.Code Civ.P. art. 5186. Instead, we "affirm[ed] the trial court's judgment ... in that it maintain[ed] the exception of no cause of action," and ordered the trial court "to grant plaintiff time within which to amend his petition." Therefore, we cannot say we rendered judgment in favor of plaintiff and against Crawford.
Second, non-party, Goldin Industries, Inc., appealed the trial court's denial of a protective order and allowed plaintiff to depose Goldin. We affirmed the trial court's judgment. Insofar as the costs related to this portion of the appeal are concerned, I would agree that Goldin Industries is to bear the costs.
NOTES
[1] There are two judgments. One, dated April 19, 1993, specifically states the suit is dismissed without prejudice and the other, dated April 20, 1993, does not state whether the suit was dismissed with or without prejudice.
[2] La.Code Civ.P. art. 934 states:

When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
[3] We note that since appellant filed this appeal, he has filed a supplemental and amending petition. However, the factual allegations against Crawford cannot be considered because Crawford had already been dismissed from the suit.

We also note that the dismissal was without prejudice meaning that Crawford could be brought into the suit again. However, there is no indication that the amended petition was ever served on Crawford.
In addition, there is no indication that appellant obtained leave of court to file the petition pursuant to La.Code Civ.P. art. 1151, which requires leave of court to file a supplemental petition more than 15 days after the answer.
[4] We point out that the trial court's judgment denying Goldin a protective order against a deposition is a final appealable judgment. See R.J. Gallagher Co. v. Lent, Inc., 361 So.2d 1231 (La. App. 1st Cir.1978).