777 So.2d 1 (2000)
Gustavia Guillory and Adam GUILLORY
v.
DILLARD'S DEPARTMENT STORE, INC., d/b/a Dillard's Department Stores.
No. 00-190.
Court of Appeal of Louisiana, Third Circuit.
October 11, 2000.
Rusty Galloway, Lafayette, LA, Counsel for Plaintiff/Appellant.
Richard J. Petre, Jr., Charles M. Gordon, Jr., Jennifer M. Kleinpeter, Onebane, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, LA, Counsel for Defendant/Appellee.
Court composed of Judge ULYSSES G. THIBODEAUX, Judge JOHN D. SAUNDERS and Judge MARC T. AMY.
AMY, Judge.
Plaintiff sued department store for damages claiming that she slipped and fell on a set of keys that were lying on the department store floor. Subsequently, the plaintiff amended her petition to assert a claim against the department store requesting *2 damages for spoliation of evidence. The department store filed a motion for summary judgment as to each cause of action. In separate hearings, the trial court granted both summary judgments finding no factual support for the plaintiffs claims. The plaintiff appeals, claiming error in the trial court's granting of summary judgment on the spoliation of evidence cause of action. For the following reasons, we affirm.

Discussion of the Merits
Gustavia Guillory alleges that on September 23, 1995, she slipped and fell on a large commercial key ring while shopping in Dillard's Department Store (Dillard's) located in the Acadiana Mall, Lafayette, Louisiana. Ms. Guillory claims that after she slipped and fell, she walked to a checkout counter with the key ring and handed it to department store personnel. Thereafter, Ms. Guillory alleges that she filled out an accident report and notified the store manager of the accident.
On September 20, 1996, Ms. Guillory filed suit for damages against Dillard's asserting that it was negligent in failing to keep its premises in a reasonably safe condition.[1] According to the plaintiff, one of the theories of recovery was based on the "assumption that the key ring belonged to a store employee and, thus, Dillard's created the unreasonably dangerous condition" which caused Ms. Guillory to slip and fall. In an attempt to substantiate this claim, the plaintiff propounded discovery requesting that Dillard's produce the keys, provide a description of the keys or the name of the owner of the keys, and state the whereabouts of the keys. Dillard's answered, denying any knowledge of the ownership of the keys, claiming that it no longer maintained custody of the keys and, therefore, could not produce the keys or offer any description of them.
On October 31, 1997, Dillard's filed a motion for summary judgment asserting that there existed no genuine issue of material fact establishing Dillard's liability under La.R.S. 9:2800.6.[2] The trial court agreed with Dillard's assertion and granted the summary judgment. However, prior to the ruling on the motion, the plaintiff amended her petition to assert a claim for "spoliation of evidence." The plaintiff alleged that Dillard's was negligent in its handling of the keys and/or that it "intentionally disposed of the keys pursuant to some attempt to hide the fact that one of their employees left the keys on the floor."
Since the plaintiff did not amend her petition to assert the spoliation claim until after Dillard's filed its motion for summary judgment, the trial court did not address that issue in its ruling. Therefore, on August 18, 1999, Dillard's filed a second motion for summary judgment requesting a dismissal of the spoliation-of-evidence claim. After considering the arguments of the parties, the trial court found that, even assuming Dillard's had misplaced or lost the keys, the plaintiff could not demonstrate that she was prejudiced or suffered any harm by the loss of the keys. The trial court determined that the plaintiff had no evidence that proved or suggested the keys at issue belonged to a Dillard's employee and, without this evidence, the plaintiff could never succeed in a separate claim against Dillard's on the theory that it created the hazardous condition. Thus, the plaintiff had insufficient evidence to establish that she suffered any prejudice due to Dillard's actions. The plaintiff appealed from this judgment asserting error in the trial court's reasons for judgment.

Discussion of the Merits
The plaintiff asserts that the trial court erred by determining that summary judgment *3 was warranted on its finding that she could not establish the identity of the owner of the keys. The plaintiff argues that her claim is against Dillard's for negligently or intentionally misplacing the keys which has hindered her ability to pursue a claim against the true owner of the keys. Thus, she alleges the trial court erred in failing to recognize a separate tort claim for spoliation of the evidence.

Summary Judgment
Appellate courts review summary judgments de novo, applying the same standard which governs the trial court's in deciding whether summary judgment is appropriate. Delphin v. Montealegre, 98-700 (La.App. 3 Cir. 4/7/99); 732 So.2d 757, writ denied, 99-1370 (La.7/2/99); 747 So.2d 21. The law of summary judgment mandates that when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to a judgment as a matter of law, then summary judgment shall be rendered. La.Code Civ.P. art. 966.

The Tort of Spoliation of Evidence
Recognizing a claim in tort for spoliation of evidence presents a relatively new concept in Louisiana jurisprudence and has been the subject of recent consideration in our courts. See Pham v. Contico Intern., Inc., 99-945 (La.App. 5 Cir. 3/22/00); 759 So.2d 880; Bethea v. Modern Biomedical Services, Inc., 97-332 (La.App 3 Cir. 11/19/97); 704 So.2d 1227, writ denied, 97-3169 (La.2/13/98); 709 So.2d 760; Carter v. Exide Corp., 27,358 (La.App. 2 Cir. 9/29/95); 661 So.2d 698. See also MARIA A. LOSAVIO, SYNTHESIS OF LOUISIANA LAW ON SPOLIATION OF EVIDENCE-COMPARED TO THE REST OF THE COUNTRY, DID WE HANDLE IT CORRECTLY?, 58 La.L.Rev. 837 (1998). Prior to being discussed as a tort, the term "spoliation of evidence" appeared in our jurisprudence along with the evidentiary theory of adverse presumption.[3]See e.g. Rodriguez v. Northwestern National Ins. Co., 358 So.2d 1237 (La.1978); Babineaux v. Black, 396 So.2d 584 (La.App. 3 Cir. 1981); Miller v. Montgomery Ward & Co., 317 So.2d 278 (La.App. 1 Cir.1975). In those cases where it was proven that a party had destroyed, altered, concealed, or failed to produce evidence relevant to the pending civil claim, and they could not reasonably explain their actions, Louisiana courts have sanctioned the party by instructing the jury of the adverse presumption that had the evidence in question been presented, it would be unfavorable to the party spoliator.[4]See Rodriguez, 358 So.2d 1237; Gordon v. State Farm Ins. Co., 97-270 (La.App. 5 Cir. 9/30/97); 700 So.2d 1117; Salone v. Jefferson Parish Dept. of Water, 94-212 (La.App. 5 Cir. 10/12/94); 645 So.2d 747; Randolph v. General Motors Corp., 93-1983 (La.App. 1 Cir. 11/10/94); 646 So.2d 1019, writ denied, 95-194 (La.3/17/95); 651 So.2d 276; McElroy v. Allstate Ins. Co., 420 So.2d 214 (La.App. 4 Cir.), writ denied, 422 So.2d 165 (La. 1982). Although the adverse presumption rule is still viable, the present inquiry is whether a plaintiff can seek damages in tort, from a person who allegedly destroys or conceals evidence material to a potential or pending lawsuit and, if so, under what circumstances that person will be held liable.
First, we note that our jurisprudence has recognized a person's right to assert a similar cause of action for the tort of impairment of a civil claim. See e.g. Williams v. General Motors Corp., 607 So.2d 695 (La.App. 4 Cir.1992); Duhe v. *4 Delta Air Lines, Inc., 635 F.Supp. 1414 (E.D.La.1986); Fischer v. Travelers Ins. Co., 429 So.2d 538 (La.App. 4 Cir.1983). See also Morgan v. ABC Manufacturer, 93-701 (La.App. 5 Cir. 3/16/94); 637 So.2d 1076. Although the claims may be separate, both causes of action are premised on the right of a plaintiff to be free from interference in pursuing and/or proving his or her lawsuit. See Kammerer v. Sewerage and Water Board of New Orleans, 633 So.2d 1357 (La.App. 4 Cir. 3/15/94) (Waltzer, J., concurring opinion), writ denied, 639 So.2d 1163 (La.7/1/94); Fischer, 429 So.2d 538. In some cases, when a plaintiff claims that the ability to institute or prove a civil claim has been impaired due to the negligent or intentional spoliation of evidence by another, courts have addressed the causes of action for impairment of a civil claim and spoliation of evidence as one. See e.g. Bethea, 97-332; 704 So.2d 1227; Carter, 27,358; 661 So.2d 698. Thus, we believe that it is of little importance here, to determine an exact title to label plaintiff's claim for damages resulting from the acts alleged; for when a plaintiff alleges sufficient facts which indicate that he or she has suffered damages caused by another's fault, that plaintiff has asserted a claim actionable under Louisiana tort law. 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989); Bethea, 97-332; 704 So.2d 1227. See also La.Civ.Code art. 2315 et seq.
Therefore, we turn to the instant matter in order to determine whether there is a genuine issue of material fact as to the plaintiffs claim which would preclude summary judgment. The plaintiff alleges that pursuant to La.Civ.Code art. 2315, a duty was imposed on Dillard's to preserve the keys on which Ms. Guillory allegedly slipped and fell. She alleges that the duty was in place from the time she brought the keys to a Dillard's employee and filed an accident report. Therefore, she argues Dillard's failure to maintain custody of the keys, either through negligent or intentional conduct, has caused her damage by hindering her ability to prove her claim for the slip-and-fall. In her appellate brief, the plaintiff alleges that this court in Bethea, recognized that such a broad duty exists under Article 2315 and that the case supports the maintenance of this action.
Although the plaintiff argues that the discussion contained in Bethea requires reversal of the summary judgment, the breadth or specificity that must be alleged to maintain a cause of action in spoliation of evidence is not at issue in this case as it was in Bethea, thus, we find the previous case inapplicable. Further, the standard for determining whether a party has alleged a cause of action in his or her petition is different than that required in determining whether or not a genuine issue of material fact exists as to that cause of action in order to preclude the granting of summary judgment. It is well-settled that whether a duty exists is a question of law. "The inquiry is whether the plaintiff has any law statutory, jurisprudential, or arising from general principles of fault-to support his claim." Hardy v. Bowie, 98-2821, p. 12; (La.9/8/99); 744 So.2d 606, 614. See Faucheaux v. Terrebonne Consl. Gov., 615 So.2d 289 (La.1993). Such a determination shall be made on a case-by-case basis according to the facts particular to that claim. Id.
We find that under the particular facts of this case, the plaintiff has failed to offer any genuine issue of material fact to support her claim that Dillard's either intentionally or negligently spoliated evidence. The plaintiff has offered no evidence, other than mere allegation, to support the allegation that Dillard's has intentionally concealed the keys in order to prevent them from being used in future litigation involving the slip-and-fall accident. Moreover, the plaintiff has failed to show that Dillard's had a duty to preserve the set of keys, simply because Ms. Guillory claimed she slipped and fell on them while in the department store. And, although we recognize that two different accounts as to when Dillard's *5 became aware of Ms. Guillory's fall were presented by the parties (Dillard's asserting that Ms. Guillory left the keys with a store employee and returned later to report the accident, while the plaintiff alleges that she reported the accident at the same time) we do not find this conflict presents a genuine issue of material fact in this matter. Dillard's has continuously averred that after it received the keys from Ms. Guillory, a Dillard's employee placed the keys in the store's lost and found. Dillard's avers that sometime thereafter, the keys were claimed by the rightful owner. We find nothing to suggest that at the time Dillard's received the keys and was notified of Ms. Guillory's accident under either account, it was under a legal duty to preserve the keys which belonged to an unknown person. It would be unreasonable to impose such a duty upon Dillard's under these circumstances.
Furthermore, we agree with the trial court's determination that without more, the plaintiff was unable to prove how she was prejudiced or damaged by Dillard's actions. An allegation that the plaintiff's claim has been impaired by the loss of evidence which "might" have proven a cause of action if such evidence was available is speculative at best and insufficient to support a recovery in tort.[5] According to the evidence presented in this case, we conclude that there exists no genuine issue of material fact as to the plaintiff's claim for intentional or negligent spoliation of evidence and, therefore, Dillard's is entitled to a judgment in its favor as a matter of law.

DECREE
For the foregoing reasons, we affirm the granting of summary judgment in favor of the defendant, Dillard's Department Store. All costs of this appeal are assessed to the plaintiffs, Gustavia Guillory and Adam Guillory.
AFFIRMED.
NOTES
[1] Adam Guillory also joined the petition stating a loss of consortium claim.
[2] La.R.S. 9:2800.6 sets forth the necessary elements that must be proved in a negligence claim against a merchant by a person lawfully on the merchant's premises who suffered damages as a result of an injury sustained because of a fall, due to a condition existing in or on the merchant's property.
[3] See also Navarrette v. Laughlin, 209 La. 417, 24 So.2d 672 (1946) (where the Louisiana Supreme court first applied the adverse presumption rule against a party who failed to produce evidence within its control).
[4] See Williams v. General Motors Corp. (La. App. 4 Cir.1994); 639 So.2d 275 (wherein the court found the plaintiff's expert testimony inadmissible after the plaintiff failed to produce evidence within its control). See also Lewis v. Darce Towing Co., 94 F.R.D. 262 (W.D.La.1982).
[5] Speculation of damages has been a concern in recognizing the tort of spoliation of evidence since in most cases it is impossible to determine the ultimate effect, if any, that the missing evidence would have on the pending or potential litigation. See Edwards v. Louisville Ladder Co., 796 F.Supp. 966 (W.D.La. 1992).