996 So.2d 294 (2008)
Lloyd WHITE, Jr.
v.
The CITY OF KENNER Through Its POLICE DEPARTMENT.
No. 08-CA-195.
Court of Appeal of Louisiana, Fifth Circuit.
September 16, 2008.
*295 George R. Blue, Jr., Attorney at Law, Covington, LA, for Plaintiff/Appellant.
McCranie, Sistruck, Anzelmo, Hardy, Maxwell & McDaniel, Mark E. Hanna, Eugene T. Rhee, Attorneys at Law, Metairie, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD
CLARENCE E. McMANUS, Judge.
Plaintiff, Lloyd White, Jr., filed suit against the City of Kenner through its Police Department ("Police Department"), alleging that he was a passenger in a vehicle that was involved in an automobile accident caused by an unknown driver, who was unknown because the investigating officer failed to obtain that driver's information. He alleges that he was deprived of his right to obtain relief from that driver by the investigating officer's actions.
In the petition, plaintiff alleges that he was the passenger in a vehicle driven by Kevin Johnson. They were proceeding in a southerly direction on Loyola Drive and in the process of making a left turn onto I-10 eastbound ramp. Johnson was turning left on a green light for turning vehicles when he observed a vehicle northbound on Loyola. The vehicle was traveling at a fast speed on rain wet streets and sliding on the wet street while attempting to stop. This led Johnson to reasonably believe that the unknown driver could not stop, *296 and he took evasive action by changing lanes to the left, into the other lane of traffic also turning onto I-10. This action caused Johnson to strike the vehicle in that lane. Plaintiff alleges that the unknown driver, and not Johnson, was the exclusive cause of the accident.
The petition further alleges that the unknown driver was present at the scene of the accident when the investigating officer, Officer Louis, was present. Officer Louis interviewed this driver, but failed to obtain and/or report his information of this unknown driver. The petition names as defendant the City of Kenner, and alleges a claim of impairment of a civil action caused by the investigating officer's failure to comply with his duties pursuant to LSA-R.S. 32:398 D and R.S. 14:133.
By supplemental and amending petition, plaintiff added the Police Department's insurer as a defendant. The Police Department answered and filed a third party demand against Kevin Johnson, the driver of the vehicle in which plaintiff was a guest passenger.
Thereafter, the Police Department filed a motion for summary judgment, alleging that plaintiff could not satisfy the burden of proof as to the essential elements of his claim and therefore it was entitled to summary judgment as a matter of law.
After hearing, the trial court granted summary judgment, dismissing plaintiff's cause of action against the Police Department. Plaintiff now appeals from that decision of the trial court.
Appellate courts review summary judgments de novo under the same criteria that governs the district court's consideration of whether summary judgment is appropriate. Dunn v. Pons, 03-1486 (La.App. 5 Cir. 4/27/04), 873 So.2d 811, citing Knight v. Owens, 03-1064 (La. App. 5 Cir. 2/23/04), 869 So.2d 188. We must consider whether the summary judgment is appropriate under the circumstances of the case and whether there is a genuine or triable issue on which reasonable minds could disagree. Id. A material fact is one that would matter in the trial on the merits. Id.
LSA-C.C.P. art. 966 provides that summary judgment be granted when the pleadings, depositions and other documents show there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. The article also declares that summary judgment procedure is favored and must be construed to accomplish the just, speedy and inexpensive determination of most actions. The burden of proof remains with the mover.
The plaintiff/appellant argues in brief that Officer Louis breached his duty set forth in LSA-R.S. 32:398 D by failing to identify the third vehicle, which was involved in the accident. He argues that the trial court erred by failing to find that this third vehicle was involved in the accident, that Officer Louis should have known that the identity of the driver was necessary for use in future litigation, and in failing to give credence to the judgment of not guilty rendered on the driver's traffic violation. Plaintiff further argues that Officer Louis filed a false police report by listing that the identity of the third party was "Unknown" when he had the ability to obtain that information prior to allowing the third party to leave the scene. Finally, he argues that the Police Department is not entitled to the immunity provisions of 9:2789.1. He argues that the officer had a duty, which was breached, and that his damages were his loss of opportunity to pursue a claim against the driver of the third vehicle.
LSA-R.S. 9:2798.1 provides for immunity for discretionary acts of public policies:

*297 A. As used in this Section, "public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
C. The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.
A police officer's duty regarding accidents is set forth in R.S. 32:398 D:
D. It shall be the duty of the state police or the sheriffs office to investigate all accidents required to be reported by this Section when the accident occurs outside the corporate limits of a city or town, and it shall be the duty of the police department of each city or town to investigate all accidents required to be reported by this Section when the accidents occur within the corporate limits of the city or town. Every law enforcement officer who investigates an accident, as required by this Subsection, shall instruct the driver of each vehicle involved in the accident to report the following to all parties suffering injury or property damage as an apparent result of the accident:
(1) The name and address of the owner and the driver of the vehicle.
(2) The license number of the vehicle.
(3) The name of the liability carrier for the vehicle, the name, address, and telephone number of the insurance agent who procured the liability policy providing coverage for the vehicle.
In this case, the defendants argue that the police officer is afforded discretion in determining who is "involved" in an accident, and therefore is afforded immunity.
The court in Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606,[1] discussed the Legislature's actions in adopting the exemption for public entities in the exercise of their duties. The court noted that

*298 ... instead of a traditional public duty doctrine in Louisiana, the legislature adopted La. R.S. 9:2798.1, which exempts public entities from liability for their employees' discretionary or policy making decisions.
Under [the discretionary function] doctrine, governmental decisionmakers exercising discretionary functions are immune from suit, because the courts should not chill legislative discretion in policy formation by imposing tort liability for discretionary decision.
However, where liability is based on a public entity's non-discretionary acts, liability will be judged under the traditional duty-risk analysis. (Citations omitted).
The court then set forth a two-step test to determine whether the discretionary function exception would apply to a specific set of circumstances:
A court must first consider whether the government employee had an element of choice. "[T]he discretionary function exception will not apply when a [...] statute, regulation, or policy specifically prescribes a course of action for an employee to follow. In this event, the employee has no rightful option but to adhere to the directive." If the employee had no discretion or choice as to appropriate conduct, there is no immunity. When discretion is involved, the court must then determine whether that discretion is the kind which is shielded by the exception that is one grounded in social, economic or political policy. If the action is not based on public policy, the government is liable for any negligence, because the exception insulates the government from liability only if the challenged action involves the permissible exercise of a policy judgment.
Here, it is clear that Officer Louis had a statutory duty to investigate the accident, and to obtain the information of those parties involved in the accident. In his affidavit, Officer Louis contends that this is exactly what he did do. He investigated that accident, and found nothing to support the truck driver's claim that the red car was speeding, or sliding, into the intersection. He determined that the red car was not involved in the accident, and therefore he did not obtain the information of the occupants of that car.
The trial court, after considering all the evidence presented by the parties, concluded that there was no genuine issue of material fact, and that defendants were entitled to summary judgment. Our review leads us to the same conclusion. We find that Officer Louis complied with the dictates of LSA-R.S. 32:398 D in reporting the accident, and that it was within his discretion to determine who was involved in the accident. The evidence presented shows no abuse of discretion in his determination that the red car was not involved in that accident. Compare Poland v. Glenn, 24,959 (La.App. 2 Cir. 8/18/93), 623 So.2d 227, writ denied 93-2474 (La. 12/20/93), 629 So.2d 1171.[2]
*299 Appellant also contends that the Police Department violated R.S. 14:133 by filing an accident report that contains a "false statement or false representation of a material fact." However, there is no evidence that Officer Louis "knowingly and intentionally filed false documents.
For the above discussed reasons the judgment of the trial court, granting summary judgment in favor of defendants is affirmed.
AFFIRMED.
NOTES
[1] In Hardy v. Bowie, supra, plaintiffs filed suit for the death of their son, who was shot during an altercation with defendant Bowie. Prior to the shot, Bowie had fired a warning shot into the air. Plaintiff's petition alleged various acts of negligence by the city (police) in not preventing the altercation. This city argued that they owed no duty to Hardy, or in the alternative, no duty was breached. The court first stated that it had never adopted the public duty doctrine, and that "... cases involving allegations of liability on the part of police officers or other employees of public entities that have come before this Court have not resulted in an application of the public duty doctrine, but rather have involved the application of a duty-risk analysis to the facts of the particular case." (Citations omitted.)
[2] In the Poland case, the court found no liability established by an officer's failure to include the information of a non-party to an accident. In that case, Mr. Poland was following a car through a construction zone on a highway. The lead car stopped suddenly, and Poland struck it. It was determined that there was no damage from this accident. However, a third car then struck the now stopped Poland car, causing damage and injuring a passenger. Plaintiffs filed suit and named among the defendants the police officer who investigated the accident, alleging negligence in his failure to include the information of the lead vehicle, which plaintiffs claim was partially at fault in the accident. Trial commenced, and the court granted a motion for involuntary dismissal, finding first that plaintiffs failed to submit proof as to why the lead vehicle stopped, and second that any negligence on the part of the lead car was not a legal cause of the accident.