# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1428

**LISA ALFANO, ET AL.**

**VERSUS**

**LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT, ET AL.**

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20084583-A
HONORABLE JOHN D. TRAHAN, PRESIDING
**********

**SYLVIA R. COOKS**
**JUDGE**

**********

Court composed of Ulysses G. Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

Pickett, J., concurs in the result.

**REVERSED AND REMANDED.**

**John M. Jefcoat**
**Catherine A. F. Adair**
**Galloway Jefcoat, L.L.P.**
**1925 Dulles Drive**
**Lafayette, LA 70596-1550**
**(337) 984-8020**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **Lisa Alfano**

**Paul D. Gibson**
**Jason B. Boudreaux**
**Gibson, Gruenert & Zaunbrecher, P.L.L.C.**
**600 Jefferson Street, Suite 600**
**P.O. Box 3663**
**Lafayette, LA 70502-3663**
**(337) 233-9600**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Lafayette City-Parish Consolidated Government**

**COOKS, Judge.**

Plaintiffs, Lisa Alfano and Susan Sconiers, appeal the judgment of the trial court granting summary judgment in favor of Defendant, Lafayette City-Parish Consolidated Government (LCG). Finding summary judgment was inappropriate in this matter, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On August 11, 2007, Lisa Alfano was driving her Buick Regal on West Pinhook Street in Lafayette, Louisiana. Susan Sconiers was a guest passenger in the vehicle. While stopped at a red light, Ms. Alfano's vehicle was struck from behind by a white pick-up truck. After being struck, Ms. Alfano exited her vehicle and spoke with the man driving the truck. The man asked her if she was alright and then apologized for hitting her. Ms. Alfano then turned from the man to call 911 on her cell phone. As she did this, the unidentified driver got back in his truck and began to flee the scene.

According to Ms. Alfano, just as the white truck was fleeing Officer Covey Menard, of the Lafayette City Police Department, arrived at the scene. Ms. Alfano testified that the sequence of events of her calling 911, the unidentified driver fleeing the scene, and the Officer Menard's arrival took place within a matter of seconds.

When Officer Menard approached her, Ms. Alfano told him she had just been rear-ended and that the hit-and-run driver was still in sight and was just beginning to stop at the next light on the same street. She asked Officer Menard to try to apprehend the driver, and he refused, stating that "by the time I get to the red light he'll be gone and I won't catch him." According to Officer Menard, he looked in the direction Ms. Alfano claimed the hit-and-run driver fled, but could not see any white truck in sight. Therefore, he determined apprehension of the hit-and-run driver at that

time was unlikely, and chose instead to focus on the accident scene. He stated he moved the damaged vehicle from the street in order to prevent further accidents.

After moving the vehicle to an adjacent parking lot and interviewing both Ms. Alfano and Ms. Sconiers, Officer Menard completed a "Uniform Vehicle Traffic Crash Report" and a "Hit & Run Accident Report." There were no witnesses to the accident. The hit-and-run driver was never apprehended.

On August 8, 2008, Plaintiffs, Lisa Alfano and Susan Sconiers, filed suit seeking damages against John Doe (the unidentified driver), ABC Entity (the unidentified employer of John Doe), ABC Insurance Company (the unidentified automobile insurer of John Doe), DEF Insurance Company (the unidentified automobile insurer of ABC Entity), State Farm Mutual Automobile Insurance Company (the UM carrier that provided coverage on Ms. Alfano's vehicle) and LCG. Only State Farm and LCG were served with and filed answers to the petition for damages.

In particular, LCG filed an answer asserting various affirmative defenses and a Motion for Summary Judgment seeking a dismissal of all claims against it. LCG specifically argued Officer Menard made a defensible exercise of discretion that entitled him and LCG to governmental immunity from Plaintiffs' claims. The trial court agreed with LCG, finding Officer Menard reasonably determined that apprehension of the hit-and-run driver was not possible , and made a "defensible discretionary decision at the accident scene to protect the scene and protect the public from another accident rather than pursue the white work truck which he didn't see." Finding that exercise of discretion entitled Officer Menard and LCG to qualified immunity, the trial court granted the motion for summary judgment.

Plaintiffs appealed the trial court's judgment, asserting the following

assignments of error:

> 1. The trial court erred in granting summary judgment in favor of LCG as no statute or jurisprudence exists establishing a dual duty to either secure an accident scene or fully investigate an accident.

> 2. The trial court erred in granting summary judgment in favor of LCG as genuine issues of material fact exist regarding the investigating officer's duty to apprehend the unknown hit-and-run driver.

> 3. The trial court erred in granting summary judgment ion the issue of immunity under La.R.S. 9:2798.1 as genuine issues of material fact exist regarding the investigating officer's non-discretionary duty to apprehend the unknown hit-and-run driver.

## ANALYSIS

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Louisiana Code of Civil Procedure Article 966 provides the standard for considering motions for summary judgment. Specifically, La.Code Civ.P. art. 966(C) provides:

> (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.

> (2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

The burden to show that no material issues of fact exist remains with the movant, but this burden shifts to the adverse party once the movant has made a *prima facie* showing that the motion should be granted. *Hayes v. Autin*, 96-287 (La.App.

3 Cir. 12/26/96), 685 So.2d 691, *writ denied*, 97-281 (La. 3/14/97), 690 So.2d 41.

However, "[i]f qualifying evidence is submitted in opposition to a motion for summary judgment which creates a dispute as to a genuine issue of material fact, the motion for summary judgment should be denied." *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257, p. 19 (La. 2/29/00), 755 So.2d 226, 237.

LCG argues under La.R.S. 9:2798.1, a "public entity," such as itself, is not liable for injuries caused by discretionary duties made by its employees in the course and scope of their employment. La.R.S. 9:2798.1 provides:

A. As used in this Section, "public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.

B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.

C. The provisions of Subsection B of this Section are not applicable:

(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists;  or

(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.

D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.

A police officer's duty regarding investigating accidents is set forth in La.R.S. 32:398(D):

D. It shall be the duty of the state police or the sheriff's office to investigate all accidents required to be reported by this Section when the

accident occurs outside the corporate limits of a city or town, and it shall be the duty of the police department of each city or town to investigate all accidents required to be reported by this Section when the accidents occur within the corporate limits of the city or town. Every law enforcement officer who investigates an accident, as required by this Subsection, shall instruct the driver of each vehicle involved in the accident to report the following to all parties suffering injury or property damage as an apparent result of the accident:

(1) The name and address of the owner and the driver of the vehicle.

(2) The license number of the vehicle.

(3) The name of the liability carrier for the vehicle, the name, address, and telephone number of the insurance agent who procured the liability policy providing coverage for the vehicle.

LCG concedes a police officer has a statutory duty under La.R.S. 32:398(D) to investigate an automobile accident. Further, Lafayette Police Department General Order 304.3[1] provides that "when a driver involved in an accident has left the scene, the investigating officer *shall attempt to apprehend said driver* and take the appropriate enforcement action(s). If apprehension is not possible, the officer shall forward the pertinent information to the Hit-&-Run Officer along with all paperwork." (Emphasis added.)

In the present case, there is no question that Officer Menard did not attempt to apprehend the hit-and-run driver, as is required by General Order 304.3. Officer Menard could only avoid his duty to apprehend the driver if "apprehension [was] not possible." Although, Officer Menard testified the hit-and-run vehicle was not in sight, both plaintiffs maintained it was stopped at a nearby light. Thus, for the trial court to find apprehension was not possible, it had to make a factual conclusion, which is expressly not allowed at the summary judgment stage. The transcript of the

---

[1] LCG argues General Order 304.3 should not be considered by this court, because it lacks "sufficient evidentiary quality" to be given weight in determining whether there is a genuine issue of material fact. This argument is based on the fact that it is not an affidavit or sworn to in any way. However, as Plaintiffs note, LCG specifically acknowledged the authenticity of General Order 304.3 at the hearing on the motion for summary judgment. Thus, we find no merit in its argument that General Order 304.3 has never been authenticated or verified.

trial court's oral reasons for judgment demonstrate the factual conclusion it drew in reaching judgment, specifically stating Officer Menard made a "defensible discretionary decision at the accident scene to protect the scene and protect the public from another accident rather than pursue the white work truck *which he didn't see*." (Emphasis added)

While Plaintiffs concede a violation of General Order 304.3 does not create negligence per se, they contend that whether or not Officer Menard complied with Order 304.3 is relevant to whether or not he breached a duty to them. Such genuine issues of material fact preclude the granting of summary judgment.

Further, Plaintiffs dispute that the accident scene needed to be secured. They note that Ms. Alfano's vehicle was still in working condition and she could have driven her vehicle into the adjacent parking lot while Officer Menard attempted to apprehend the hit-and-run driver. It also was readily apparent, that while both Ms. Alfano and Ms. Sconniers were injured in the accident, they did not suffer from injuries which required immediate emergency attention. Thus, Officer Menard was free to either attempt to apprehend the fleeing driver or call another officer for help, which would follow the mandates of Lafayette Police Department General Order 304.3.

LCG cited two cases, which it claims support its position that Officer Menard fulfilled his required duties. In *White v. City of Kenner, through its Police Department*, 08-195 (La.App. 5 Cir. 9/16/08), 996 So.2d 294, *writ denied*, 08-2503 (La. 12/19/08), 996 So.2d 1135, the plaintiff therein alleged the investigating officer failed to comply with his statutory duty under La.R.S. 32:398(D) because he did not include the name of an individual stopped at the scene of the accident. The investigating officer in *White* contended in conducting his investigation of the

accident, he found nothing to corroborate the plaintiff's belief that the unknown driver was at fault in causing the accident. Based on that belief, he did not issue a citation or obtain the name of the unknown driver. The court in *White* held the investigating officer had complied with La.R.S. 32:398(D) because he conducted his investigation and obtained the information from the parties actually involved in the accident, and it was clearly within the officer's discretion to determine who was involved in the accident.

We find *White* to be distinguishable from the present case. There is no question in this case that the hit-and-run driver was involved in the accident. As Plaintiffs argue, *White* does not stand for the proposition that where an investigating officer fails to investigate the parties involved in the accident he has complied with La.R.S. 32:398(D). In fact, *White* would seem to require the opposite result.

LCG also cites *Laguerre v. Mendez*, 08-784 (La.App. 5 Cir. 2/25/09), 9 So.3d 896. In that case, the plaintiff therein was involved in a hit-and-run accident. The plaintiff claimed after the accident he found the offending vehicle and notified the investigating officer of its whereabouts. The investigating officer had the vehicle towed to an impound lot, but conducted no further investigation in to the identity of the driver. Plaintiff argued the officer had a duty to perform a follow-up investigation to locate the driver of the vehicle. The court held La.R.S. 32:398(D) did not contain a provision requiring a follow-up investigation beyond the initial investigation.

Again, this case is factually distinguishable from the instant case. In this case, Officer Menard was conducting an *initial* investigation when the alleged failure to comply with La.R.S. 32:398(D) occurred. As Plaintiffs argue, *Laguerre* provides little guidance considering the facts presented in this case.

In support of their position that Officer Menard's actions did not satisfy his

duties under La.R.S. 32:398(D), Plaintiffs cite *Fisher v. Travelers Ins. Co.*, 429 So.2d 538 (La.App. 4 Cir. 1983). In *Fisher*, the investigating officer misplaced and then failed to submit or file an investigation report regarding the accident. The plaintiff therein filed suit against the officer and the City of New Orleans. The trial court held the plaintiff had been injured by the officer's failure to file an investigation report because it caused him to "lose his opportunity to pursue a claim against the other driver." The appellate court in *Fisher* adopted the trial court's Reasons for Judgment, which stated "[t]his requirement [of 32:398(D)] could have no other purpose than to facilitate any civil claims that may have arisen. This being so, the police officer violated a statutory duty which included within the ambit of its protection a risk of harm such as occurred here." *Id.* at 540.

Plaintiffs acknowledge the facts in *Fisher* are also distinguishable from those in the present case, but contend the *Fisher* court's determination that La.R.S. 32:398(D) was enacted to facilitate civil claims is noteworthy.

Lastly, Plaintiffs contend summary judgment on the issue of governmental immunity under La.R.S. 9:2798.1 was improper in this case because there were general issues of material fact regarding whether Officer Menard complied with the requirements of both La.R.S. 32:398(D) and General Order 304.3 or whether his actions were discretionary. They note the Louisiana Supreme Court has stated "the discretionary function exception [to La.R.S. 9:2798.1] will not apply when a , . . statute, regulation or policy specifically prescribes a course of action for an employee to follow. In this event, the employee has no rightful option but to adhere to the directive." *Hardy v. Bowie*, 98-2821, p. 11 (La. 9/8/99), 744 So.2d 606, 613.

**CONCLUSION**

After a thorough review of the jurisprudence, we do not find, as LCG contends,

that it supports the argument that it is entitled to judgment as a matter of law. None of the cases cited stand for the proposition that an officer is allowed to choose which duties to fulfill. Further, there are clear issues of material fact as to whether Officer Menard fulfilled his duties under both La.R.S. 32:398(D) and General Order 304.3, which until they are resolved cannot entitle LCG to governmental immunity under La.R.S. 9:2798.1. Those issues of fact must be decided at a trial on the merits. Therefore, we reverse the trial court's grant of summary judgment and remand for further proceedings consistent with this opinion. All costs of this appeal are assessed against appellee, Lafayette City-Parish Consolidated Government.

**REVERSED AND REMANDED.**